PEOPLE v FOX

Docket No. 44258. Submitted October 15, 1979, at Detroit.—Decided May 5, 1980. Leave to appeal applied for.

Defendant, Roscoe T. Fox, was convicted, on his plea of guilty, of assault with intent to rob, being armed, in Recorder's Court of Detroit. Defendant had an attorney appointed to represent him. At a preliminary examination the examining magistrate dismissed defendant's attorney, appointed a new one, held the preliminary hearing and bound the defendant over for trial. Defendant appealed his conviction and the Court of Appeals affirmed. Defendant moved the trial court to vacate his conviction, based upon the discharge of his original attorney, which was at first denied but, upon reconsideration, granted, Justin C. Ravitz, J. The people appeal by leave granted. *Held:*

An examining magistrate's improper dismissal of a defendant's court-appointed attorney does not mandate a new trial where, as here, the defendant's subsequent conviction was fully appealed and affirmed, the issue of improper dismissal was not raised on appeal and the defendant failed to show that he was prejudiced by the magistrate's actions.

Reversed.

M. F. Cavanagh, P.J., dissented. He would hold that the improper dismissal of a defendant's attorney mandates reversal regardless of a showing of prejudice. He would affirm.

Opinion of the Court

1. Criminal Law — Appeal — New Trial — Judicial Misconduct — Assistance of Counsel.

A court improperly granted a belated motion for a new trial on the ground that an examining magistrate had improperly dismissed a defendant's court-appointed attorney where the

References for Points in Headnotes

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 654, 655, 778.

    21 Am Jur 2d, Criminal Law §§ 318, 319.

    58 Am Jur 2d, New Trial §§ 161, 187 *et seq.*

[2] 21 Am Jur 2d, Criminal Law §§ 318, 319.

    58 Am Jur 2d, New Trial §§ 161, 187 *et seq.*

defendant's conviction was fully appealed and affirmed, where the issue was not raised on appeal, where the judge granting the motion specifically found that defendant was not denied the effective assistance of counsel and where the defendant failed to demonstrate that he was prejudiced by the magistrate's actions.

DISSENT BY M. F. CAVANAGH, P.J.

2. CRIMINAL LAW — APPEAL — NEW TRIAL — JUDICIAL MISCONDUCT — ASSISTANCE OF COUNSEL.

*An examining magistrate improperly and impermissibly interfered with a defendant's constitutional right to counsel by summarily dismissing the defendant's counsel without good cause; such a defendant is entitled to a new trial regardless of an affirmative showing of prejudice because the right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* for defendant.

Amici Curiae:

*Richard B. Ginsberg,* Assistant State Appellate Defender.

American Civil Liberties Union of Michigan (by *Edward M. Wise,* General Counsel).

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and D. S. DeWITT,* JJ.

M. J. KELLY, J. Defendant was charged with assault with intent to rob, being armed, contrary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to MCL 750.89; MSA 28.284. A preliminary examination was held on this matter September 26, 1975. Following a heated exchange between the examining magistrate and defendant's appointed attorney, Frank Eaman, the court dismissed Mr. Eaman from the case. He exited with an assurance that he was on his way to the Court of Appeals. He never arrived. New counsel was appointed for the defendant and he was bound over for trial following the preliminary examination.

Thereafter, on November 12, 1975, the defendant entered a plea of guilty before Judge Kadela of the Detroit Recorder's Court, and on November 14, 1975, defendant was sentenced (in accordance with a sentence agreement) to 5 to 15 years in prison. Appeal was taken of right and a panel of this Court affirmed the conviction on February 9, 1977.

Subsequently the defendant moved *in pro per* to vacate his plea and sentence based on the discharge of his original attorney, Frank Eaman. This motion was denied by Recorder's Court Judge Justin C. Ravitz. The defendant next moved *in pro per* to withdraw his guilty plea contending that the plea had been involuntary and that he had been denied effective assistance of counsel. Judge Ravitz found these contentions to be without merit and denied this motion. Finally, defendant obtained appointed counsel and moved for a reconsideration of the original motion. On October 12, 1978, Judge Ravitz ordered a new trial based on the examining magistrate's dismissal of defendant's attorney at the preliminary examination. It is from this order that the prosecutor now brings this delayed appeal.

The prosecutor argues that the court's grant of a new trial constituted an abuse of discretion. We agree.

The court held that a new trial was required because of the examining magistrate's summary dismissal of the defendant's court-appointed attorney. The court characterized the magistrate's action as constituting an impermissible interference with the attorney-client relationship and defendant's right to counsel.[1]

Defendant's original attorney was dismissed at the preliminary examination under the following circumstances. Defendant's attorney contended that, when the defendant was brought in the courtroom for this proceeding, a police officer on the case signaled to an identification witness, as if to verify defendant's presence. Mr. Eaman sought to raise the issue of an improper identification before the examining magistrate, Judge Roberson. The magistrate, however, abruptly terminated the attorney's argument and the following colloquy ensued:

"MR. EAMAN: There was a suggested identification in this case.

[1] In reaching this conclusion the court primarily relied on the case of *Harling v United States,* 387 A2d 1101 (DC App, 1978).

In *Harling,* the Court of Appeals for the District of Columbia reversed defendant's conviction holding that the trial court's arbitrary dismissal of a defendant's court appointed attorney, over the objections of both the defendant and his attorney, constituted an impermissible interference with the attorney-client relationship and was a denial of defendant's Sixth Amendment right to counsel. The Court held that under the circumstances a new trial was mandated despite the fact that defendant's substitute counsel had not been adjudged to be ineffective. We do not disagree with *Harling,* but find it inapplicable here for two reasons:

First, in *Harling,* the defendant specifically objected to the dismissal of his original counsel. The issue was preserved. In the instant case defendant Fox did not object to either the examining magistrate, Judge Roberson or to Judge Kadela about the dismissal of his original attorney. This distinction would not be critical if the matter had been raised on appeal. It was not.

Secondly, and most importantly, defendant Fox did not raise this issue until two years after voluntarily entering a guilty plea to the charged offense and then only after his conviction had been affirmed by this Court on appeal. No such delay was present in *Harling.*

"The Court: Mr. Eaman, I keep telling you there's a way to do it. Now, sit down. You're getting on my nerves.

"Mr. Eaman: Your Honor, I have a right to speak for my client.

"The Court: Well, sit down. I've allowed you to make your argument. Now sit down.

"Mr. Eaman: I don't believe I made a sufficient record.

"The Court: Mr. Eaman, you're out of this case now leave.

"Mr. Eaman: I'd like a stay to appeal, your Honor.

"The Court: Leave.

"Mr. Eaman: Your Honor is withdrawing my Appearance because I'm defending my client?

"The Court: You're out of the case now. Now Mr. Fox, you go back in. I'll appoint another attorney to represent you. Mr. Eaman, get out of here. Leave right now.

"Mr. Eaman: I'm on my way now your Honor.

"The Court: Leave right now. Take your papers in your hand and get out of here.

"Mr. Eaman: To the First Federal Building, your Honor."

While it is well settled that gross incompetence, physical incapacity or contumacious conduct may justify the court's removal of an attorney (see *United States v Dinitz,* 538 F2d 1214 (CA 5, 1976), *rehearing den* 542 F2d 1174 (1976), *cert den* 429 US 1104; 97 S Ct 1133; 51 L Ed 2d 556 [1977]) the action of the examining magistrate cannot be justified on this record. It appears that the peremptory dismissal of counsel was the result of personal pique and impatience and had the effect of punishing the defense attorney's attempts to protect his client's interests. We conclude that Judge Roberson's actions were unreasonable and deserve censure.

Notwithstanding our conclusion in this regard, we hold the error committed at the preliminary examination did not justify the court's order of a new trial after full appeal and affirmance.

The standards applied in determining whether a new trial should be granted are set out in MCL 769.26; MSA 28.1096 as follows:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

In the instant case the course of the proceedings subsequent to the preliminary examination cured any prejudice occasioned there. A review of the record fails to disclose that the irregularities at the proceeding resulted in a miscarriage of justice.

Following the dismissal of defendant's original attorney, the court appointed substitute counsel to represent him. This attorney, Brenda Maxwell, pursued the issue of the alleged improper identification raised by Mr. Eaman, and a fully contested adversary hearing on the matter was held before Judge Kadela of the Detroit Recorder's Court. It should be noted that Mr. Eamon testified at this proceeding concerning those events. On this record it is clear that the dismissal of defendant's attorney did not inhibit defendant's ability to raise the identification issue or any other issue at any stage of the proceedings. Thereafter defendant entered a plea of guilty to the charged offense. Judge Ravitz at all times, *including in the opinion granting new*

*trial,* specifically found that the plea was not coerced but voluntarily and intelligently tendered. Additionally he found that the defendant was not denied effective assistance of counsel.

Under these circumstances we conclude that the magistrate's actions did not affect the fairness of the court proceeding when viewed as a whole and that the defendant failed to demonstrate that he was prejudiced as required under MCL 769.26; MSA 28.1096. *People v Dunn,* 380 Mich 693; 158 NW2d 404 (1968), *People v Beard,* 78 Mich App 636; 261 NW2d 27 (1977).

Further, as this Court has recently reaffirmed, in the absence of prejudice a defendant is precluded from raising errors committed at the preliminary examination unless they are timely asserted.[2] In the instant case defendant's conviction was properly appealed by competent counsel and was affirmed by this Court on February 9, 1977. Numerous issues were raised at that time, but presumably defendant and his appellate counsel did not regard the error now raised as being serious or of such magnitude as to require reversal. The case of *Harling v United States,* 387 A2d 1101 (DC App, 1978), referred to in the footnote, had not been decided at the time of the original appeal. No petition for rehearing, delayed or otherwise, was brought in this Court to raise the issue frontally. Instead it was presented to a Recorder's Court judge different from the trial judge who, although expressly finding no prejudice to defendant, nonetheless granted him a new trial. The failure to raise the issue on appeal waives it. Defendant's guilty plea was properly taken when he was represented by competent counsel and the raising of this issue two years later in the trial

[2] See *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979).

court, after the plea had been affirmed on appeal, was untimely.

Under the circumstances of this case we conclude the trial court abused its discretion and erred in granting defendant a new trial.

The dissent appears to raise a strawman by referring to the defendant's failure to object at the time Mr. Eaman was dismissed. That is not the basis for our ruling and the trial court was eminently correct in not requiring the then accused to perform like an attorney. The other side of the coin is that the trial court did not assess at all the failure of competent defense counsel before and at the time of plea to raise the issue and competent appellate counsel did not do so either. It is obviously a case of hindsight having remarked the error after the *Harling* opinion came to the notice of interested parties.

Reversed.

D. S. DeWITT, J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* I dissent from the majority opinion but rely upon it for a summary of the factual development of this case. It should be additionally noted that the suggested identification to which defendant's originally appointed counsel objected occurred when defense counsel thought that he noticed the officer in charge of the case motion to the two prosecution witnesses as if to point out the defendant as he was brought into the courtroom. Defendant Fox had been included in a previous corporeal line-up, but the complaining witness was unable to identify him at that time as the perpetrator of the charged offense. There can be no doubt, then, that defendant's identification was a crucial issue in this case.

When Judge Ravitz ordered a new trial he offered the following three reasons as the basis for his decision:

"But there's nothing on this record that begins to hint at a proper basis to put defense counsel summarily out of the case. That's number one. That's my finding factually and legally.

"Secondly, I don't believe that the defendant has to voice an objection, because you just can't make that the test in my judgment. Because the defendants that might need the help the most, those least capable of voicing objection, would be those mis-treated or abused the worst.

"Thirdly, on the question of prejudice, I indicated for the record, and it should be clear, I don't see prejudice. But, you often don't see prejudice. And it's a part of my holding today that prejudice need not be shown in a situation where an indigent's right to the originally appointed counsel is trampled upon by a court without good cause."

The people assert that defendant's failure to object at the time that his appointed counsel was dismissed should preclude relief. However, as Judge Ravitz notes, it is most likely that the class of defendants most prone to suffer from such mistreatment are those who would typically fail to formally preserve an issue by objecting. At the time of the incident in issue, defendant Fox was 18 years old and had only an eighth grade education. Under the circumstances, it is not difficult for me to perceive why he did not object. Furthermore, given the constitutional dimensions of the issues here involved, a failure to object should be deemed to be legally irrelevant. *People v Hoerl,* 88 Mich App 693, 696; 278 NW2d 721 (1979).

By summarily dismissing defendant's counsel without good cause, which point is conceded by all

parties, the examining magistrate improperly and impermissibly interfered with defendant's constitutional right to counsel. "* * * [O]nce counsel is appointed to represent an indigent defendant, * * * the parties enter into an attorney-client relationship which is no less inviolable than if counsel had been retained." *Harling v United States,* 387 A2d 1101, 1106 (DC App, 1978). Because counsel was prevented from continuing his representation of defendant, it is impossible to ascertain how well he would have performed had he been allowed to carry through. Moreover, it is not important that no affirmative showing of prejudice to defendant has been made, since "[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial". *Harling, supra,* 1106, citing from *Glasser v United States,* 315 US 60, 76; 62 S Ct 457; 86 L Ed 680 (1942). It is my concern as well that to overturn the ruling of Judge Ravitz in this matter might well discourage the best possible representation for indigent defendants by court-appointed counsel. I would affirm the decision of the lower court.