Opinion issued August 13, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01109-CR

————————————

## IN RE SIMON FLETCHER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relator, Simon Fletcher, filed an application for writ of mandamus seeking to compel the respondent county court at law judge to (1) vacate the "Order Removing Appointed Counsel" and the "Order Denying Defendant's Ex Parte Motion to Reverse Removal of Court-Appointed Attorney" and (2) reinstate Drew Willey as his appointed trial counsel in the underlying criminal misdemeanor

proceeding.[1] The real party in interest filed a response. For the reasons below, we conditionally grant the petition.

## Background

In spring 2017, Fletcher was arrested for the misdemeanor of driving while intoxicated in Chambers County. *See* TEX. PENAL CODE § 49.09(a). In July 2017, he was charged by criminal complaint and information. Two months later, the respondent, the Honorable Jimmy Sylvia, Chambers County Court Judge,[2] signed an order finding Fletcher indigent and appointing Drew Willey as Fletcher's trial counsel.

Almost a year after his appointment, shortly before his scheduled paternity leave, Willey wrote to the administrative assistant in the County Judge's office, informing her that he "did not want [his] name to be reactivated for potential appointments in Chambers County." More than a month later, the assistant emailed Willey asking him to complete and return an "Attorney Affidavit" requesting "Exclusion From the Appointment List." Willey explained in his affidavit that "[t]he inadequate compensation [for appointed counsel] and conflicts of interests,

---

[1]    The underlying case is *State v. Simon Fletcher*, Cause No. 17CCR00241, pending in the County Court at Law, Chambers County, Texas, The Honorable Jimmy Sylvia presiding.

[2]    As County Judge, Judge Sylvia is not only the chief administrator and budget officer for Chambers County, presiding over Commissioners' Court and serving as a voting member, but also a judge presiding over Civil, Probate, Juvenile, and County Criminal Courts. *See* https://www.co.chambers.tx.us/page/county_judge (last visited May 2, 2019).

2

namely, the [Chambers] County Attorney controlling the judicial offices, makes it impossible to continue to provide effective assistance of counsel." A month after Willey handed in the affidavit, the assistant emailed Willey asking him if he wished to remain as Fletcher's counsel, and he responded that he did. Willey did not file a motion to withdraw as counsel for Fletcher.

The respondent, however, had already removed Willey from the case. Three days earlier, the respondent signed an "Order Removing Appointed Counsel." The order stated that the respondent was removing Willey as Fletcher's appointed counsel for good cause because Willey was "no longer on appointment list" and that new counsel would be appointed according to the Chambers District and County Court Plan. The respondent signed another order finding Fletcher indigent and appointing Chiquia J. Roberson as Fletcher's counsel.

On November 13, 2018, the respondent signed a letter to Willey explaining his decision to remove Willey as Fletcher's counsel and appoint new counsel. Because Willey had "not withdrawn [his] affidavit," based on Willey's "sworn statement," the respondent believed that he "had no choice but to appoint counsel to [Willey's] clients who felt confident in their ability to effectively represent the clients." The respondent further explained that if the two "differences [Willey had] with the county truly prohibit [him] from effectively advocating for any potential

future client," then, in the respondent's view, "they would also inhibit [Willey's] ability to represent the clients to whom [he was] already appointed."

On December 3, 2018, Willey filed an "Ex Parte Motion to Reverse Removal of Court-Appointed Attorney," seeking reconsideration of the respondent's September 25, 2018 Order removing him as Fletcher's counsel. Three days later, the respondent signed an order denying this motion.

A few weeks later, Willey filed this mandamus petition contending that the respondent lacked authority to discharge appointed counsel over Fletcher's and Willey's objections and that no adequate remedy at law exists. Willey sought to vacate the September 25, 2018 order removing him as Fletcher's counsel and the December 6, 2018 order denying his motion for reconsideration, and to reinstate him as Fletcher's counsel.

Per this Court's order, counsel for the respondent, Judge Sylvia, responded. He contended that he had the authority to remove Willey for good cause, or a "principled reason," based on Willey's affidavit asking the county to remove him from the appointment list. Because Willey had stated that he could not provide effective assistance of counsel in Chambers County, the respondent argued that the order protected Fletcher's rights by removing Willey and appointing new counsel who could provide effective assistance of counsel, under Chambers County's Indigent Defense Plan.

**Mandamus Relief for Sua Sponte Removal of Appointed Counsel**

To be entitled to mandamus relief, a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and (2) the relator must have a clear right to the relief sought. *Buntion v. Harmon*, 827 S.W.2d 945, 947 (Tex. Crim. App. 1992); *Stearnes v. Clinton*, 780 S.W.2d 216, 219 (Tex. Crim. App. 1989).

As for the second requirement, the relator "must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011). Relator can satisfy this second requirement "if the relator can show he has a *clear* right to the relief sought – that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (citing *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)).

A.     **Inadequate appellate remedy**

The Court of Criminal Appeals has held that, in "a mandamus case involving the arbitrary disqualification of appointed counsel rather than retained counsel of choice," the regular appellate process "'does not provide an adequate remedy even if it results in a reversal and new trial.'" *Bowen*, 343 S.W.3d at 813 (quoting

*Stearnes*, 780 S.W.2d at 225). Thus, Fletcher lacks an adequate appellate remedy and has satisfied the first requirement. *See Stearnes*, 780 S.W.2d at 225. The parties do not dispute this.

**B.      Clear right to relief to ministerial act**

Fletcher has also satisfied his burden to demonstrate his clear right to relief to a ministerial act. Although respondent provided a reason for the sua sponte removal of Willey as Fletcher's counsel, that reason does not withstand Willey and Fletcher's request to continue the representation.

"The right of the accused to counsel, both at trial and on appeal, is fundamental." *Buntion*, 827 S.W.2d at 948–49 (citations omitted). Under the Sixth and Fourteenth Amendments, an indigent defendant is entitled to the appointment of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). "A criminal defendant is entitled to counsel of his choice if he is able to pay for the counsel," *Powell v. Alabama*, 287 U.S. 45, 53 (1932), but "an indigent defendant does not have the right to the appointment of counsel of choice." *Stearnes*, 780 S.W.2d at 221.

"Although an indigent defendant does not have the right to counsel of his own choosing, once counsel is appointed, the trial judge is obliged to respect the attorney-client relationship created through the appointment." *Buntion*, 827 S.W.2d at 949 (citing *Stearnes*, 780 S.W.2d at 221); *see* TEX. CODE CRIM. PROC. art.

26.04(j)(2) (appointed attorney must continue representation until replaced by other counsel after "finding of good cause is entered").

A trial court may overcome the presumption against the removal of appointed counsel after an attorney-client relationship has been established when the record shows some "principled reason" for the removal. *Buntion*, 827 S.W.2d at 949 (there must be "some principled reason, apparent from the record," to justify a trial judge's replacement of appointed counsel against the defendant's wishes). The Court of Criminal Appeals has held that, "[g]iven the fundamental nature of an accused's right to counsel, we cannot agree that a trial judge's discretion to replace appointed trial counsel over the objection of both counsel and defendant extends to a situation where the only justification for such replacement is the trial judge's personal 'feelings' and 'preferences.'" *Id.* (citing *Stearnes*, 780 S.W.2d at 222). With limited exceptions, a trial court may not remove such an attorney over the objections of both the accused and counsel. *See Stearnes*, 780 S.W.2d at 222–23. "[C]ourts must exercise caution in disqualifying defense attorneys, especially if less serious means would adequately protect the government's interests." *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003). For example, it may be proper for a court to remove counsel over the client's objection where the integrity of the judicial process and orderly administration of justice is impeded. *Id*.

While a trial judge has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them," a mere potential conflict that has been waived by the relevant parties will not "override the relators' own perception that the best way they could assure fairness for themselves was to be 'defended by the counsel [they] believe[d] to be best.'" *Bowen*, 343 S.W.3d at 812 (quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988)); *id*. at 816 (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006)).

Thus, not all reasons qualify as "good cause." *See, e.g.*, *Stotts v. Wisser*, 894 S.W.2d 366, 367–68 (Tex. Crim. App. 1995) (trial judge's intention to appoint attorney for limited purpose of notetaking and assisting lead counsel only did not constitute good cause for removing counsel on appeal); *In re Moore*, No. WR-87,158-01, 2018 WL 2716699, at *2–6 (Tex. Crim. App. June 6, 2018) (not designated for publication) (trial judge did not show good cause for removing appellate counsel for failing to timely file a brief). Even the judge's opinion that counsel is incompetent may not justify removing the attorney. *See Smith v. Superior Court of Los Angeles Cty.*, 440 P.2d 65, 67, 75 (1968) (cited with approval in *Stearnes*, 780 S.W.2d at 221). In *Smith*, the trial judge removed defense counsel because he believed counsel to be incompetent to try a death-penalty case. *Smith*, 440 P.2d at 68. The judge raised counsel's lack of experience

8

in trying capital cases only after a difficult exchange over a motion in which counsel repeatedly interrupted the judge, who reprimanded him. *Id.* at 67. As the attorney argued, "if the advocate must labor under the threat that, at any moment, if his argument or advocacy should incur the displeasure or lack of immediate comprehension by the trial judge, he may be summarily relieved as counsel on a subjective charge of incompetency by the very trial judge he is attempting to convince, his advocacy must of necessity be most guarded and lose much of its force and effect." *Id.* at 74 (quotation omitted). The attorney was ordered reinstated. *Id.* at 75.

The appearance of a conflict of interest may not suffice to show good cause for removal. Indeed, the Court of Criminal Appeals has held that a trial court abused its discretion when it disqualified retained counsel because of his former representation of one of the state's key witnesses against his client. *Bowen*, 343 S.W.3d at 816.

Even an attorney's belief that a judge's decision renders him unable to provide effective assistance of counsel is not grounds for that attorney's removal. *See Harling v. United States*, 387 A.2d 1101, 1106 (D.C. 1978) (cited with approval in *Stearnes*, 780 S.W.2d at 221). In *Harling*, appointed counsel in a murder case noted that he would not be able to provide effective assistance if he walked into court after the judge denied his motion for discovery of the names of

eye witnesses. *Id.* at 1103. The trial judge's response was to replace the complaining court-appointed counsel. *Id.* On appeal, the court determined that the attorney's discharge was "not only an encroachment on appellant's right to counsel, but also a threat to the independence of the bar." *Id.* at 1106.

Here, the conflict identified by the respondent is an abstract one and one that, if given effect, would stymie any appointed representation in Chambers County. The compensation for appointed attorneys is the same whether Willey represents Fletcher or whether another attorney represents him. The structure of Chambers County, with respondent serving as both chief executive with budgetary responsibility and as criminal judge, would not change if the judge appointed another attorney. Thus, any possibility of a conflict would remain the same no matter which attorney represented Fletcher. Willey, the attorney objecting to how appointments work in the county, is best situated to assess, in consultation with his client, whether continuing to represent Fletcher after a year of legal work poses a true conflict, or whether his concerns were limited to the viability of accepting additional appointments in the future.

Fletcher informed the court that he prefers to continue to be represented by Willey, his counsel of over one year. The complaint about the general conditions of working as court-appointed counsel, without inquiry about how those conditions

would create a conflict here,[3] cannot override Fletcher's Sixth Amendment right to be "defended by the counsel he believes to be best." *See Gonzalez-Lopez*, 548 U.S. at 146. And, even if the trial judge thought the course of events reflected on Willey's competency, as shown above, those concerns did not authorize Willey's removal over his and Fletcher's objections. *See Harling*, 387 A.2d at 1106.

## Conclusion

We conditionally grant the petition for writ of mandamus. We direct Judge Jimmy Sylvia to vacate his order removing Willey as counsel and his order denying relator's motion to have Willey continue as counsel. We are confident respondent will comply, and mandamus will issue only should he fail to do so.


Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Higley, and Landau.

Publish. TEX. R. APP. P. 47.2(b).

---

[3] The issue must be case-specific and appear in the record. *Cf. United States v. Smith*, 895 F.3d 410, 421 (5th Cir.), *cert. denied*, 139 S. Ct. 495 (2018).

11