PEOPLE v GEBAROWSKI

1. CRIMINAL LAW—EVIDENCE—SUPPRESSION—BREATHALYZER TEST.

It is proper for a prosecutor, in a case involving a charge of driving while under the influence of alcohol, to appeal to the circuit court a ruling of the district court suppressing the results of a breathalyzer test on the ground that the statutory warning given before the test is coercive (MCLA 257.625a; GCR 1963, 711).

2. CRIMINAL LAW—PROSECUTING ATTORNEYS—APPEAL AND ERROR.

A prosecutor's right to appellate review is limited by statute where the matter involves only factual questions and the lower court exercises its discretion; however with respect to questions of law, a prosecutor has a right to seek review by an order of superintending control (MCLA 770.12; GCR 1963, 711).

3. CRIMINAL LAW—AUTOMOBILES—INFLUENCE OF ALCOHOL—BREATHALYZER TEST—CONSTITUTIONAL LAW.

A driver arrested and charged with driving while under the influence of alcohol has no right to refuse to take a breathalyzer test and the state can compel the giving of a breathalyzer test without the benefit of any alternative procedure and without violating the accused's Fifth Amendment right against self-incrimination; any error in a statutory warning given to the accused in obtaining a breathalyzer test is a mere technicality because it is not even necessary that the accused be given an alternate choice, or any warning at all (US Const, Am V; MCLA 257. 625a[4]).

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 January 10, 1973, at Lansing. (Docket No. 14009.) Decided May 23, 1973. Leave to appeal denied, 390 Mich 785.

Violet Gebarowski was arrested and charged

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 830.
[2] 4 Am Jur 2d, Appeal and Error § 268.
[3] 21 Am Jur 2d, Criminal Law § 364.

with driving under the influence of alcohol. At the trial in the district court a motion to suppress evidence of a breathalyzer test was sustained. The people appealed to the circuit court. Reversed. Defendant was then convicted. Defendant appeals the circuit court ruling. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Jameson & Bearinger,* for the defendant.

Before: Bronson, P. J., and McGregor and Danhof, JJ.

McGregor, J. Defendant was arrested and charged with driving under the influence of alcohol, MCLA 257.625; MSA 9.2325. During her arrest she was advised that her refusal to take a breathalyzer test *"shall* result in the suspension or revocation of your operator's or chauffeur's license or operating privilege". This warning was given pursuant to MCLA 257.625a(4); MSA 9.2325(1)(4). Following that warning, the defendant submitted to a breathalyzer test and was found to have a 0.17% blood alcohol reading.

Defendant was brought to trial in a district court; at that time, her attorney filed a motion to suppress the evidence of the breathalyzer test, previously administered to the defendant. After consideration, the district court judge granted the motion to suppress the evidence on the ground that the test was obtained by coercion in the statutory warning which was given to the defendant immediately prior to taking the breathalyzer test. After making that decision, the judge indicated that he would adjourn the trial in order to permit the prosecutor to appeal his ruling on the defendant's motion to suppress the evidence.

An appeal was filed, in the nature of an order to show cause why the district court judge should not be ordered to admit the excluded evidence of the breathalyzer test results. Upon granting leave to the prosecutor and upon hearing arguments, the circuit court judge reversed the ruling of the district court judge and ordered the admission of the breathalyzer analysis. The case was remanded to the district court, and the trial was completed with the admission of the results of the defendant's test. Defendant was convicted and her present appeal challenges the finding of the circuit court judge as to the admissibility of the breathalyzer evidence, as well as raising the question whether the circuit court had jurisdiction to hear the prosecutor's appeal.

The first issue on appeal is whether the circuit court had jurisdiction to review the district court's suppression of the results of the defendant's breathalyzer test.

Defendant contends that the circuit court lacked jurisdiction to review the district court's order suppressing evidence. Apparently, the basis for defendant's contention is MCLA 770.12; MSA 28.1109. The basic underlying principal in limiting prosecutional appeals is that the state cannot be permitted to appeal a criminal case after the defendant has been acquitted, as this would clearly place the defendant in jeopardy twice. However, in the instant case, the trial judge adjourned the case with the consent of the defendant, so that the prosecuting attorney could seek appellate review of his decision to suppress the results of the breathalyzer test. Assuming *arguendo* that the prosecutor could not appeal the district court's ruling, the defendant has expressly waived any procedural defects and has consented to the action

taken here. However, as this is purely a question of law, we point out that the prosecutor does have the right to seek an appellate determination as to the validity of the warning contained in implied consent law. To hold otherwise would result in a situation whereby the district courts were the final arbitrators as to the validity of legislation in the criminal law area. This result would occur whenever the district or circuit courts declared a criminal statute invalid or unconstitutional. Such is not the case in this jurisdiction. The Supreme Court is the final arbitrator as to the validity of legislative acts. The fact that an inferior tribunal should declare a criminal statute invalid does not thereby divest the appellate courts of jurisdiction to determine the correctness of that decision. The only possible way that these decisions can be reviewed is by an appellate proceeding initiated by the prosecutor. As such, an order of superintending control, pursuant to GCR 1963, 711, is the proper vehicle to effectuate an appellate decision. This is not to say that the prosecutor can appeal any decision of an inferior tribunal. Where the matter involves only factual questions and the lower court exercises its discretion, the prosecutor's right to appellate review is limited by MCLA 770.12; MSA 28.1109. See *Wayne County Prosecutor v Recorder's Court Judge,* 27 Mich App 251 (1970). However, with respect to questions of law, the prosecutor has the right to seek review by an order of superintending control.

Defendant next contends that the results of a breathalyzer test were illegally coerced because the warning of the police officer pursuant to MCLA 257.625a(4); MSA 9.2325(1)(4) misstated the legal rights of a driver, as those rights are specified in MCLA 257.625f; MSA 9.2325(6).

The thrust of defendant's argument is that the warning given to her convinced her that a refusal to submit to the breathalyzer test would result in automatic, mandatory suspension of her driver's license; she contends that such a suspension is not automatic, but must be preceded by a hearing, pursuant to MCLA 257.625f; MSA 9.2325(6).

Because of the inconsistency between the warning given her, and the actual statutory requirements precedent to suspension, the defendant argues that she was unconstitutionally coerced into waiving her rights under the Fifth Amendment.

Defendant's contentions are misplaced. Defendant has no right to refuse to take a breathalyzer test. That is, the state can compel the giving of a breathalyzer test without the benefit of any alternative procedure.

In *Schmerber v California,* 384 US 757, 761, 765; 86 S Ct 1826, 1831–1833; 16 L Ed 2d 908, 914, 916–917 (1966), the Supreme Court stated:

"It could not be denied that in requiring petitioner to submit to the withdrawal and chemical analysis of his blood the State compelled him to submit to an attempt to discover evidence that might be used to prosecute him for a criminal offense. He submitted only after the police officer rejected his objection and directed the physician to proceed. The officer's direction to the physician to administer the test over petitioner's objection constituted cumpulsion for the purposes of the privilege. The critical question, then, is whether petitioner was thus compelled 'to be a witness against himself.'

\* \* \*

"In the present case, however, no such problem of application is presented. Not even a shadow of testimonial compulsion upon or enforced communication by the accused was involved either in the extraction or in the

chemical analysis. Petitioner's testimonial capacities were in no way implicated; indeed, his participation, except as a donor, was irrelevant to the results of the test, which depend on chemical analysis and on that alone. Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds."

Clearly, a defendant can be compelled or coerced into submitting to a breathalyzer test without violating his Fifth Amendment right against self-incrimination. Consequently, any error in the statutory warning given is a mere technicality as, pursuant to *Schmerber, supra,* it is not even necessary that defendant be given an alternate choice, or any warning at all.

Affirmed.

All concurred.