PEOPLE v TAYLOR

1. CRIMINAL LAW—EVIDENCE—BLOOD TESTS—REFUSAL OF TESTS—CON-
   STITUTIONAL LAW—SELF-INCRIMINATION.

   A defendant's constitutional right against compulsory self-incrim-
   ination is not violated by testimony revealing that the defend-
   ant refused to take a blood test requested by the police.

2. CRIMINAL LAW—EVIDENCE—CONSTITUTIONAL LAW—SILENCE OF DE-
   FENDANT—SELF-INCRIMINATION.

   It is constitutionally impermissible for the state to elicit testi-
   mony from a witness regarding the defendant's refusal to
   respond in the face of accusatorial remarks during interroga-
   tion.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—SELF-INCRIMINATION—EVI-
   DENCE.

   The constitutional privilege against self-incrimination protects an
   accused from being compelled to testify against himself, or
   otherwise provide the state with evidence of a testimonial or
   communicative nature.

4. CRIMINAL LAW—EVIDENCE—BLOOD TESTS—PRIVILEGE—SELF-IN-
   CRIMINATION.

   Blood test evidence is not inadmissible on privilege grounds since
   it is neither the defendant's testimony nor evidence relating to
   some communicative act or writing by the defendant.

5. CRIMINAL LAW—EVIDENCE—BLOOD TESTS—REFUSAL OF TESTS—CON-
   STITUTIONAL LAW—SELF-INCRIMINATION—COMPELLED BLOOD
   TESTS.

   Testimony regarding the refusal of a defendant to take a blood
   test does not constitute constitutionally protected testimonial

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 29 Am Jur 2d, Evidence §§ 295, 625.
   Admissibility in criminal case of evidence that accused refused to
   submit to scientific test to determine amount of alcohol in system.
   87 ALR2d 370.
[2] 29 Am Jur 2d, Evidence § 638, et seq.
[3] 75 Am Jur 2d, Trial §§ 317, 903, 904.
[6] 4 Am Jur 2d, Appeal and Error § 404.
[7] 65 Am Jur 2d, Rape § 35.

evidence since a blood test could be compelled without derogation of constitutional rights.

6. APPEAL AND ERROR—COURT OF APPEALS—AMENDMENT OF TRANSCRIPTS—DISCRETION OF COURT—COURT RULES.

The Court of Appeals has the discretionary power to permit the transcript or record to be amended by correcting errors or adding matters which should have been included therein (GCR 1963, 820.1[4]).

7. RAPE—SPECIFIC INTENT—DEFENSE OF INTOXICATION.

Rape is not a specific intent crime, therefore, the defense of intoxication does not apply to it.

Appeal from Berrien, Julian E. Hughes, J. Submitted December 7, 1976, at Grand Rapids. (Docket No. 24924.) Decided January 5, 1977. Leave to appeal denied, 400 Mich —.

Russell L. Taylor was convicted of forcible rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Elizabeth Schwartz,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and QUINN and BEASLEY, JJ.

R. B. BURNS, P. J. Defendant was convicted by jury of forcible rape. MCLA 750.520; MSA 28.788 (now repealed). He appeals and raises an issue of first impression in this jurisdiction:

"Is testimony revealing defendant's refusal to take a blood test violative of his constitutional privilege against self-incrimination?"

The trial testimony of which defendant complains on appeal was as follows:

*"Q.* [direct examination by the assistant prosecuting attorney] Did you have any other conversation with him?

*"A.* [police officer] Yes, we tried to get a blood sample from him. The doctor informed me that in order for him to draw blood from him, he had to have Mr. Taylor's permission. We had a form with Mr. Taylor's name typed on it and so forth. Mr. Taylor was asked if he would sign the form and he wouldn't. He said he didn't want to."

Defendant primarily relies on *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), to assert his claim of constitutional violation. While it is true, as defendant asserts, that it is constitutionally impermissible for the state to elicit testimony from a witness regarding defendant's refusal to respond in the face of accusatorial remarks during interrogation, *People v Bobo, supra; People v Eastway,* 67 Mich App 464; 241 NW2d 249 (1976), the parameter of the constitutional privilege has been sharply defined by the United States Supreme Court in *Schmerber v California,* 384 US 757, 761, 765; 86 S Ct 1826, 1830–1831, 1833; 16 L Ed 2d 908, 914, 916–917 (1966):

"We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends. * * * Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds." (Footnote omitted.)

This Court has twice recognized and applied *Schmerber's* dictate that such testing "could be

compelled without derogation of constitutional rights * * * ". *People v Keen,* 56 Mich App 84, 90; 223 NW2d 700, 703 (1974). See also *People v Gebarowski,* 47 Mich App 379, 383–384; 209 NW2d 543, 545 (1973). Further, numerous other jurisdictions have concluded that such a *refusal* to be tested does not constitute protected testimonial evidence. Judge Jasen of the New York Court of Appeals, concurring in *People v Paddock,* 29 NY2d 504, 505; 323 NYS2d 976,977; 272 NE2d 486 (1971), reasoned:

"[S]ince there is no constitutional right to refuse to submit to such a test *[Schmerber v California, supra],* it necessarily follows that there can be no constitutional prohibitions to prevent comment upon the accused's failure to take the test."

In *People v Sudduth,* 65 Cal 2d 543, 546,; 55 Cal Rptr 393, 395; 421 P2d 401, 403 (1966), the Supreme Court of the State of California, per Chief Justice Traynor, concluded:

"The sole rationale for the rule against comment on a failure to testify is that such a rule is a necessary protection for the exercise of the underlying privilege of remaining silent. A wrongful refusal to cooperate with law enforcement officers does not qualify for such protection." (Citation omitted.)

See also *State v Durrant,* 55 Del 510; 188 A2d 526 (1963).

On the strength of this authority, we conclude that the testimony in evidence as to defendant's refusal to submit to a test to which he had no constitutional right to refuse did not constitute an impermissible violation of defendant's right against compulsory self-incrimination.

Defendant also asserts that the trial court committed reversible error by excluding the verdict of not guilty from the jury's consideration. The trial transcript appears to so indicate. We have, however, received affidavits to the contrary from the trial judge, the court reporter, the court clerk and both trial counsel, confirmed by the original stenotype notes of the proceeding itself. We thus employ our discretionary power under GCR 1963, 820.1(4) to correct page 303 of the trial transcript to indicate that the jury was informed as follows:

"The proper verdicts are as follows: Not guilty, guilty of assault and battery or guilty of assault with intent to rape or guilty of rape."

Finally, defendant claims reversible error in the trial court's instruction on the defense of intoxication. In this regard, we need only note that defendant was charged with and convicted of rape, and that rape is not a specific intent crime *[People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971)] to which the defense of intoxication applies. The instruction as given read in part as follows:

"[I]f because of intoxication or any other reason, the Defendant could not or simply just did not formulate this intent to rape, then he cannot be found guilty of either rape or assault with intent to rape."

The error in this instruction necessarily benefitted rather than prejudiced defendant. We further believe that this instruction satisfies the requirements of *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), as elucidated in *People v Scott,* 55 Mich App 739; 223 NW2d 330 (1974).
Affirmed.