PEOPLE v HAMMERQUIST

Docket No. 47785. Submitted February 3, 1981, at Grand Rapids.— Decided July 1, 1981.

Leroy A. Hammerquist was charged with second-degree murder and was convicted, on his plea of guilty, of manslaughter in the Berrien Circuit Court, Zoe S. Burkholz, J. Defendant appeals, alleging among other things, denial of counsel at a critical stage of the proceedings. At the plea taking, defendant admitted sufficient facts for the court to accept his plea. However, he did make other statements tending to support his later professions of innocence. The court accepted his plea. At the first sentencing hearing, defendant professed innocence. The court deferred sentence to allow counsel to confer with his client and indicated a willingness to entertain a motion to withdraw his plea. Counsel did not confer with his client and, at the second sentencing hearing, had an associate appear for him. *Held:*

Defendant was denied effective assistance of counsel at a critical stage of the proceedings.

Reversed and remanded.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A criminal defendant is entitled to effective assistance of counsel at every stage of the proceedings where his substantial rights may be affected.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
[1] 21A Am Jur 2d, Criminal Law § 732.
Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Pursuant to a plea bargain, defendant, who was originally charged with second-degree murder, MCL 750.317; MSA 28.549, entered a plea of guilty to manslaughter. Thereafter sentenced to a prison term of not less than 10 nor more than 15 years, defendant appeals as of right.

This Court previously remanded to the trial court for an evidentiary hearing and the matter is now again before us. While defendant raises numerous issues on appeal, extended discussion is unnecessary since we find resolution of one of them to mandate reversal.

It is defendant's basic claim that he was denied the assistance of counsel at a critical stage in the proceedings. We agree and reverse.

During the plea taking defendant did ultimately admit to sufficient facts for the court to accept defendant's plea. Defendant did, however, make other statements which tend to support statements made by him at a subsequent proceeding during which he professed his innocence. These statements are as follows:

"*The Court:* And what did you say happened at that time?

"*The Defendant:* I was being funny and I pulled out the gun and it went off and shot him.

"*The Court:* You are telling me that the gun just went off accidentally?

"*The Defendant:* Well, when I pulled it out and come up with it, it went off.

\* \* \*

"*The Court:* You say you were trying to be funny?

"*The Defendant:* Yes, your Honor, from drinking too much."

Prior to sentence the defendant requested an opportunity to talk with the trial judge in chambers. The request was honored and the following transpired:

"*The Court:* * * * You have indicated to your attorney you want to talk to me.

"*The Defendant:* Yes, I do.

"*The Court:* And I am very glad to afford you that opportunity, sir.

"What is it you would like to say to me?

"*The Defendant:* * * * It was a stupid accident. I admit this, I had been drinking too much and probably since I bought the bar, I have been having a drinking problem.

"The night this happened it was stupid accident. I pulled out the gun, it went off. I threw it on the table. * * * Once I threw it on the table, I never touched it.

*      *      *

"*The Defendant:* I know it was my fault. But God, I didn't take and mean to do it and I didn't take and purposely do it and want to do it like I had to say. * * * I wanted to let you know I lied to you when I said I did it and I purposely did it and I am sorry for it, but I don't know what to do beyond that point.

*      *      *

"*Mr. Marchione [Defense Counsel]:* I am not too sure that what he is saying as far as second thoughts and everything else is not true. * * *

"I can say Mr. Hammerquist is terribly upset, was terribly upset and I guess I ought to put it to you like this on the record as long as we are in front of the Judge and we ought to know this.

"Number one, do you want to retract your plea of guilty?

"*The Defendant:* I don't know what to do.

*      *      *

"*The Defendant:* All I know is it was an accident. * * *

"*The Court:* Sir, you told me facts from which I found

that you were guilty of the offense to which you were pleading. That is, that you intentionally killed Richard —whatever his name was—Armstrong; that you knew what you were doing and it was wrong.

*"The Defendant:* I was told I had to say that to take the cop to manslaughter because I was afraid to go up for the murder charge, that I might get held a lot more time if I was found guilty * * *.

*"The Court:* Sir, this is the moment of truth now. You made that decision and you told me facts then which you then told me was the truth.

*"The Defendant:* I am just saying I am apologizing for lying to you and I want you to know that it was a lie * * *.

* * *

*"The Court:* Do you want to withdraw your plea at this time, sir, and stand trial on second-degree murder? That is what you are charged with.

*"The Defendant:* That is why I say I can't understand why I am being charged with murder when it is a goofy accident.

* * *

*"Mr. Marchione:* You can't take the benefit of a plea and say you were lying and say you don't want to face a murder charge.

*"The Defendant:* All I am saying is it is an accident. I didn't mean to do it. * * * We were just being funny, being a bunch of noise and everything else. I don't know. Only God knows, I guess. I just want you to know—

*"The Court:* I think at this time I will defer sentencing for one week while I give you an opportunity to determine, Mr. Marchione, whether you want this plea withdrawn.

* * *

*"The Court:* * * * Now, I can go ahead and sentence you on that basis. I can defer it for a week and then perhaps still sentence you on that basis if that is what you want me to do.

"Other than that, you would have to request to withdraw the plea. Then I have to make the considera-

tion and determination whether I am going to allow you to do it. I am not at all sure that I am going to allow you to do it, would allow you to do it even if you asked, for the reason that I had a jury here.

\*   \*   \*

Nevertheless, I am very reluctant to deal with a man for manslaughter, that is intentional killing, when he is sitting here now adamently [sic] saying to me, I didn't intentionally kill anybody.

"*The Defendant:* No. I didn't say that, Your Honor. I said I did kill him. It was a stupid thing, but I didn't mean to take and just go right out and kill him like I told you.

"*The Court:* Did you mean to shoot the gun?

"*The Defendant:* No. It went off when I pulled it out of my belt and I come up with it and it went off.

"*The Court:* Well, sir, I am sorry. I can't sentence you with your telling me that.

\*   \*   \*

"*The Court:* We will defer sentencing for one week.

"Back to the custody of the sheriff.

"Mr. Marchione, I will expect to hear from you as to what your client's intentions are.

\*   \*   \*

"*Mr. Marchione:* I will talk to you, Lee."

Hence, we are confronted with the situation in which (1) prior to sentence defendant professed his innocence on the basis of accident, (2) it is apparent that defendant was confused, was not aware of the legal technicalities of such a motion, and in fact simply did not know what to do, (3) the trial judge stated she could not sentence the defendant based upon his statements and indicated she would entertain a motion on behalf of the defendant to allow him to withdraw his plea, (4) sentencing was adjourned for a period of one week during which time defense counsel was requested by the trial judge to inform her as to what the defendant's

intentions were, and (5) defense counsel stated he would talk with the defendant.

At the evidentiary hearing following remand by this Court defense counsel, in response to certain questions put to him, testified as follows:

"*Q.* Why did you—you requested the conference [referring to the in-chambers conference]; is that not correct?

"*A.* That is correct.

\* \* \*

"*Q.* Okay. You testified that you never met with Mr. Hammerquist subsequent to that.

"*A.* After the first sentencing. That is correct.

"*Q.* After the first sentencing?

"*A.* That is correct.

"*Q.* Why was—was there any particular reason why you did not see Mr. Hammerquist?

"*A.* There were two reasons. First of all, I was very busy. I was getting ready for a trial in Florida \* \* \* But secondly, I had just been accused of in some ways influencing a man to go in a direction which is not to his benefit.

\* \* \*

"*The Court:* The court has to understand the testimony and before you go to your testimony with Mrs. Roberts, I am understanding you, Mr. Marchione, to say that after the initial sentencing date, you did not talk to Mr. Hammerquist \* \* \*.

\* \* \*

"*The Witness:* That is correct, your Honor.

\* \* \*

"*The Witness:* \* \* \* I think—I believe the question was asked me by counsel, did I have the—was I of the opinion that if in fact he wanted to withdraw the plea, could he do so. I believe that he could have. I may have been wrong. But despite the late date, if the man thought that a grave injustice had been done to himself that this court would [have] allowed him to withdraw the plea and go to trial."

Therefore, in addition to the factors set forth above, defense counsel admitted he did not talk with the client following the original date set for sentence even in view of the fact that it was his personal opinion that the court would have allowed defendant to withdraw his plea had such a request been made.

A criminal defendant is entitled to effective assistance of counsel at every stage of the proceedings where his substantial rights may be affected. *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970), *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967), GCR 1963, 785.4.

"It is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *Coleman v Alabama, supra,* 7.

We find that the period of time between the in-chambers conference and the deferred sentencing date constituted a critical stage of the proceedings where defendant's substantial rights could be affected. Moreover, we hold that defense counsel's failure to communicate with the defendant during such period of time, in view of the chronology of events as set forth above, denied the defendant substantial rights at a critical and crucial stage of the proceedings.[1] Accordingly defendant's guilty plea is reversed and this cause is remanded to the trial court for trial of the defendant on the original charge of second-degree murder.

Reversed and remanded.

[1] It should be noted that defense counsel did not appear at sentencing but sent an associate to act on his behalf.