PEOPLE v ABERNATHY

Docket No. 75229. Submitted June 18, 1985, at Detroit. Decided
November 20, 1985.

Billy Ray Abernathy was convicted of first-degree criminal sexual
conduct by a jury in Detroit Recorder's Court and was sen-
tenced to life imprisonment, Michael J. Talbot, J. Defendant
appealed. *Held:*

1. The trial court did not err when it dismissed defendant's
original appointed counsel at the pretrial conference and re-
placed him with another court-appointed attorney. Further-
more, defendant has failed to show that prejudice resulted from
the dismissal of the original counsel.

2. No error resulted from the prosecutor's being permitted to
introduce evidence that defendant refused to obey a search
warrant issued by the court for a sample of defendant's blood.

3. No error resulted from the introduction of evidence that
defendant assaulted his girlfriend, the mother of the victim, in
an effort to prevent her from testifying against him. The
probative value of the testimony outweighed any prejudice to
defendant caused by its introduction.

4. The trial court did not abuse its discretion by departing
from the sentencing guidelines in sentencing defendant, and
the sentence imposed does not shock the judicial conscience.

Affirmed.

1. CRIMINAL LAW — RIGHT TO COUNSEL — COURT-APPOINTED COUNSEL.
A defendant is entitled to effective representation at every criti-

REFERENCES

Am Jur 2d, Criminal Law §§ 713, 732-763, 798, 948, 950, 967-992.

Am Jur 2d, Evidence §§ 370, 830, 1104.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

Accused's right to choose particular counsel appointed to assist him.
66 ALR3d 996.

Accused's right to assistance of counsel at or prior to arraignment.
5 ALR3d 1269.

See also the annotations in the ALR3d/4th Quick Index under
Blood Tests; Witnesses.

cal stage of the proceedings against him, but he does not have a right to choose his own court-appointed counsel or replace counsel absent a showing of good cause.

2. COURTS — ATTORNEY AND CLIENT — REMOVAL OF ATTORNEY.
Gross incompetence, physical incapacity or contumacious conduct may justify a court's removal of an attorney from a case.

3. CRIMINAL LAW — EVIDENCE — BLOOD TESTS — REFUSAL OF TESTS.
A defendant has no constitutional right to refuse to submit to a blood test; evidence of a defendant's refusal to submit to a blood test may be properly admitted at trial.

4. CRIMINAL LAW — EVIDENCE — INTIMIDATION OF WITNESSES — RULES OF EVIDENCE.
Evidence that a defendant is threatening people in order to prevent his prosecution is properly admissible under the rules of evidence (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Michael A. Courtney,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. CAPRATHE,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant was sentenced to life imprisonment and now appeals as of right.

We first consider whether the trial court committed reversible error when it dismissed defendant's original appointed counsel. The right to assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and art 1, § 20 of the Michigan Constitution. A defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant is entitled to effective representation at every critical stage of the proceedings against him. *People v Hammerquist,* 107 Mich App 771; 309 NW2d 637 (1981). A defendant does not have a right to choose his own court-appointed counsel, nor may a defendant replace counsel absent a showing of good cause. *People v Anglin,* 111 Mich App 268; 314 NW2d 581 (1981). *People v Eddington,* 77 Mich App 177; 258 NW2d 183 (1977), lv den 402 Mich 944 (1978).

Defendant relies on *People v Fox,* 97 Mich App 324; 293 NW2d 814 (1980), rev'd 410 Mich 871 (1980), to support his argument that the trial court improperly dismissed his original court-appointed counsel. In *Fox,* the original court-appointed counsel argued at the preliminary examination that when the defendant was brought into the courtroom a police officer pointed out the defendant to two prosecution witnesses. The examining magistrate became upset when defense counsel made this argument and asked defense counsel to leave the courtroom. This Court held that it was error for the magistrate to dismiss the attorney, but that the error was harmless. The Supreme Court reversed this Court's decision.

We find the circumstances in *Fox* to be distinguishable from those in the instant case. In *Fox,* this Court found that the trial court erred in dismissing the defendant's attorney, stating "it is well settled that gross incompetence, physical incapacity or contumacious conduct may justify the court's removal of an attorney (see *United States v Dinitz,* 538 F2d 1214 [CA 5, 1976], reh den 542 F2d 1174 [1976], cert den 429 US 1104; 97 S Ct 1133; 51 L Ed 2d 556 [1977])." 97 Mich App 328. In the instant case, the trial court found that defense counsel's actions constituted gross incompetence. If defense counsel's actions did not constitute gross

incompetence, defense counsel's conduct was at least contumacious. The dispute which gave rise to defense counsel's dismissal began with the pretrial statement in which he was to indicate the motions he intended to file and whether he was requesting oral argument on such motions. Defense counsel did not indicate that he was filing any motions. When defense counsel appeared at the pretrial conference, he asked the court whether it had set a final conference date and the date for any other motions to be argued in this case. The trial judge was surprised, especially when defense counsel indicated that he might file a motion to quash since he felt that there was insufficient evidence produced at the preliminary examination too support binding the defendant over for trial. The trial judge informed defendant that he could take all morning to prepare for the motion and argue it that afternoon. Defense counsel stated that he needed more time and had to discuss the matter with defendant. Defense counsel also explained his delay by stating that he was waiting for a determination of defendant's fitness to stand trial so that he could discuss this matter with defendant. The trial court was upset at this explanation and informed defense counsel that defendant's opinion was irrelevant. When defense counsel pursued this matter, the trial court dismissed him from the case and appointed substitute counsel. The original counsel and defendant both objected to this procedure.

We do not feel that the trial court erred in dismissing the original appointed counsel from this case. The original appointed counsel, who is representing defendant on appeal, fails to set forth any reason why he should have insisted on filing the motion to quash. It is undisputed that the motion was not timely brought since it was not listed in

the pretrial statement. Defense counsel also did not have a good reason for the delay in bringing the motion. The preliminary examination was held one month before the pretrial conference and defense counsel received the transcript one week before the pretrial conference. The transcript is only twenty-seven pages long and could have been quickly reviewed. Defense counsel was also present at the preliminary examination and questioned the prosecution's witness. The prosecution's witness clearly testified that defendant committed first-degree criminal sexual conduct. In light of these undisputed facts, there was sufficient evidence to bind the defendant over for trial, *People v Kubasiak*, 98 Mich App 529, 532-533; 296 NW2d 298 (1980), and therefore defense counsel had no grounds to support such a motion. Moreover, the trial court correctly noted that defendant's personal opinion on this matter was irrelevant. The only relevant issue in such a motion would have been whether the complainant's testimony was sufficient to establish the elements of first-degree criminal sexual conduct. A competent attorney should have been able to analyze this issue without conferring with a lay person. Thus, because defendant's presence was not essential for a fair hearing and decision on the motion, it would have been proper for the court to hear and decide the motion even if defendant was incompetent to stand trial. MCL 330.2022(2); MSA 14.800(1022)(2); GCR 1963, 786.5(a). Defense counsel also refused the judge's reasonable request to prepare the motion and argue it that afternoon. Considering that the issue was not that complex, defense counsel could have complied with the trial court's request but, instead, requested a longer delay. At that point, we note that if defense counsel was competent, his conduct was contumacious since he persistently

refused to submit to the trial court's authority. We feel that an appellate court should be hesitant to prevent a trial court from preventing an obviously frivolous attempt to delay proceedings. Therefore, when defense counsel refused to comply with the court's request to proceed promptly, the trial court properly dismissed defense counsel and replaced him.

We also note that defendant has failed to show any prejudice. Defendant claims that he need not show any prejudice. The prosecution, however, correctly points out that prejudice must still be shown in certain cases where a defendant claims that he is denied his right to counsel. *People v Humbert*, 120 Mich App 195; 327 NW2d 435 (1982).

We next consider whether it was reversible error for the prosecutor to be permitted to introduce evidence that defendant refused to obey a search warrant. During the course of the trial, the prosecution introduced evidence that defendant refused to obey a search warrant issued by the court for a sample of defendant's blood. Blood was found on the complainant's undergarments. Defendant has no constitutional right to refuse to submit to a blood test. *Schmerber v California*, 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966). In *People v Taylor*, 73 Mich App 139, 142; 250 NW2d 570 (1977), lv den 400 Mich 813 (1977), this Court found that the defendant had no right to refuse to submit to a blood test. The prosecutor may properly present evidence of a defendant's refusal to submit to a blood test, *Taylor, supra.* We feel that *Taylor* is dispositive of this issue and that defendant's argument lacks merit. We also find that defendant's claim that the reference to defendant's being in jail when this request was made lacks merit. Defendant's reliance on *People v Kotek*, 306

Mich 408; 11 NW2d 7 (1943), and *People v Nelson White*, 26 Mich App 35; 181 NW2d 803 (1970), is misplaced. The Courts in *Kotek* and *White* held that references to prior sentences were improper. In the instant case, there was no indication that defendant served a prior sentence.

We next consider whether it was reversible error for the prosecution to introduce evidence that defendant assaulted his girlfriend even though his girlfriend was not the alleged victim of the sexual offenses. Evidence was presented that, after the sexual offenses were committed, defendant threatened to get rid of the victim's mother, his girlfriend. Defendant then went to pick up the victim's mother, who was at school. The victim's mother testified at trial that defendant was drunk and violent and that defendant stated that he could not tell her what was wrong because "if I tell you, you are going to tell the police and I'm going to jail and I don't want to go to jail, so I'm going to kill you." Evidence was also introduced that when defendant dropped the victim's mother off at her house and the victim's aunt approached her stating that something had happened to the complainant, the defendant quickly drove away. While this testimony was somewhat prejudicial to defendant, it certainly was relevant to a determination of his guilt. We feel that the probative value of this testimony outweighed any prejudice to defendant. MRE 403. We also note that defense counsel did not object to the admission of this evidence. While defendant's subsequent conduct may be considered a bad act under MRE 404(b), we feel that evidence that a defendant is threatening people in order to prevent his prosecution is properly admissible under that rule.

Defendant finally argues that the trial court abused its discretion at sentencing. The trial court

sufficiently stated its reasons for departing from the sentencing guidelines. After reviewing the facts of this case, we find that the trial court's sentence does not shock our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.