PEOPLE v MANSER

Docket No. 102281. Submitted June 20, 1988, at Detroit. Decided October 18, 1988.

Mark M. Manser was convicted of second-degree criminal sexual conduct in the Wayne Circuit Court, William L. Cahalan, J., and was sentenced to probation. He was charged with a probation violation and a revocation hearing was held in the Recorder's Court of Detroit. The court denied defendant's request to transfer the case to Judge Cahalan and proceeded with the hearing, requiring defendant to answer a number of questions. The court, Beverly A. Jasper, J., found defendant guilty of a probation violation, revoked his probation and sentenced defendant to prison. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. A judge who sentenced a defendant to probation retains jurisdiction over the case, and all subsequent proceedings, including revocation, should be handled by that judge or his successor absent a showing that that judge is unable to act.

2. A court may not compel a probationer to testify at a probation revocation hearing.

Reversed and remanded.

1. CRIMINAL LAW — PROBATION REVOCATION — JUDGES — COURT RULES.

A judge who sentenced a defendant to probation retains jurisdiction over the case, and all subsequent proceedings, including revocation, should be handled by that judge or his successor absent a showing that that judge is unable to act (MCR 2.613[B]).

2. CRIMINAL LAW — PROBATION REVOCATION — SELF-INCRIMINATION.

A court may not compel a probationer to testify at a probation revocation hearing (US Const, Am V; Const 1963, art 1, § 17).

REFERENCES

Am Jur 2d, Courts §§ 93, 147, 148.

Am Jur 2d, Criminal Law §§ 578, 579.

Comment Note.—Procedural requirements under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Jaroslaw Dobrowolskyj,* and *Carl Ziemba,* of Counsel, for defendant on appeal.

Before: CYNAR, P.J., and SULLIVAN and J. R. ERNST,* JJ.

PER CURIAM. On July 9, 1985, following his conviction of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), defendant was sentenced to a five-year term of probation by Wayne Circuit Judge William Leo Cahalan. On March 25, 1987, defendant appeared before Detroit Recorder's Court Judge Beverly Anne Jasper charged with violating probation by failing to comply with several conditions of probation which did not involve the commission of a crime. Following a probation violation hearing, defendant's probation was revoked and he was sentenced to a term of from five to sixteen years imprisonment. Defendant now appeals by leave granted, and we reverse.

Before the violation hearing, defendant moved to have the case transferred to Judge Cahalan, the original sentencing judge. Judge Jasper denied the motion, stating, "We checked and we are going to be unable to give you a date for Judge Cahalan to hear the matter. This case has been drawn to this Court's docket. Judge Cahalan will not have any further input in this matter."

After oral arguments, the court indicated that it needed to hear from the defendant. After defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant was questioned by defense counsel, the court interrogated him concerning his place of employment, amount of wages earned, amount paid toward restitution, number of hours contributed to community service, and number of sessions defendant had attended in a group therapy program for sex offenders. The defendant was found guilty of violating his probation. Before sentencing, defendant unsuccessfully moved to vacate the judgment of violation of probation and to disqualify Judge Jasper from the proceeding.

This Court has held that a judge who sentences a defendant to probation retains jurisdiction over the case in all subsequent proceedings, including revocation of probation. "The underlying policy is simply to insure that revocation will be considered by the judge who is most acquainted with the matter." *People v Clemons,* 116 Mich App 601, 604; 323 NW2d 300 (1981).

MCR 2.613(B) provides that "[a] judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act." In the present case there was no showing that Judge Cahalan was absent or unable to act as required by MCR 2.613(B). Defendant's objection to proceeding before Judge Jasper was timely. Defendant's conviction of probation violation must be reversed and the matter remanded for further proceedings before Judge Cahalan.

Defendant also claims that the trial court erred in requiring him to answer various questions after he had elected not to testify. MCL 771.4; MSA 28.1134 provides that hearings on "revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials." However, it is axiomatic that a

probation revocation hearing is an integral part of the criminal prosecution/sentence process. "In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." MCL 771.4; MSA 28.1134.

No person shall be compelled in any criminal case to be a witness against himself.[1] This fundamental privilege against compulsory self-incrimination accompanies a criminal defendant throughout the entire course of every criminal prosecution, including both sentencing and any subsequent probation revocation proceeding.

We perforce conclude that it was error for the trial court to call upon defendant where defendant had not testified or otherwise first waived the privilege. See *People v Staley,* 127 Mich App 38, 41; 338 NW2d 414 (1983), citing *People v Bobo,* 390 Mich 355, 359; 212 NW2d 190 (1973); *People v Nesbitt,* 86 Mich App 128, 134-135; 272 NW2d 210 (1978).

Reversed and remanded.

---

[1] US Const, Am V; Const 1963, art 1, § 17.