PEOPLE v JOHNSON

PEOPLE v LAURIA

PEOPLE v LUPO

Docket Nos. 159316, 159537, 159538. Submitted June 8, 1993, at Grand Rapids. Decided February 8, 1994, at 9:45 A.M.

James A. Johnson, Jr., Lesa M. Lauria, and Jamie J. Lupo were charged in the Bay Circuit Court with having committed various felonies. The court, Eugene C. Penzien, J., ordered the defendants' attorneys to inquire of their respective defendant and the prosecuting attorney concerning the defendant's prior convictions and, for each prior conviction, to obtain from the defendant an affidavit of facts sufficient to determine the validity of the conviction, or an affidavit that the defendant understands that such conviction may be used in determining the sentence and a statement voluntarily giving up the defendant's right to challenge the validity of the prior conviction, or to make a diligent effort to obtain from the court in which the prior conviction occurred sufficient documentation to enable the circuit court to determine if counsel for the defendant was present or effectively waived. The orders directed the attorneys to compile the required information in written form and to furnish such information to the prosecuting attorney and the probation department of the circuit court in the event of their respective client's conviction in the circuit court. The orders stated that intentional failure to comply with the requirements would be considered a waiver of the right to raise as an issue the constitutional validity of a prior conviction to bar its use for sentence enhancement. The orders also required the attorneys to review the presentence report in detail with their clients as soon as it became available and to transmit requests for modification in writing, giving precise details and reasons, to the prosecuting attorney, the probation department, and the circuit court within ten days of the availability of the report.

· REFERENCES

Am Jur 2d, Attorneys at Law § 120; Criminal Law §§ 596, 597, 701-716, 936-952; Witnesses §§ 80-162, 337-377, 393-402.

See ALR Index under Attorney-Client Privilege; Prior Offenses and Convictions; Self-Incrimination; Sentence and Punishment.

Nonconforming requests would result in waiver of the right to challenge incorrect information in the reports in the absence of a showing of good cause for failure to comply. Each of the defendants appealed by leave granted. The Court of Appeals consolidated the appeals and stayed the circuit court orders to the extent that they required the attorneys to inquire into, collect, and report information about prior convictions.

The Court of Appeals *held:*

1. To the extent that they require the defendants to set forth by affidavit details of any prior convictions and require their attorneys to divulge that information to the prosecuting attorney and the probation department, under penalty of waiver of the right to challenge the constitutionality of the prior conviction, the orders at issue are violative of the Fifth Amendment privilege against compelled self-incrimination.

2. To the extent that they require the defendants' attorneys to disclose confidential communications concerning prior convictions, the orders are violative of the attorney-client privilege, MCL 767.5a(2); MSA 28.945(1)(2).

3. To the extent that they provide for automatic waiver of the right to challenge constitutionally invalid prior convictions and incorrect information in a presentence report, the orders are violative of the defendants' rights under MCL 771.14(5); MSA 28.1114(5) and MCR 6.425(D)(2).

4. To the extent that they require the defendants' attorneys to inquire about and disclose the defendants' prior convictions, the orders duplicate the probation department's investigative efforts as mandated by statute. To the extent the orders require counsel to obtain sufficient documentation to enable the court to determine if counsel was waived, the orders improperly shift the burden of proving the constitutional validity of prior convictions from the prosecuting attorney to the defendants.

Orders vacated in part.

1. Constitutional Law — Privilege Against Self-Incrimination — Criminal Proceedings.

Under the Fifth Amendment, a criminal defendant has the right throughout the criminal proceedings to refuse to provide incriminating information, including information about prior convictions that could be used to enhance the defendant's sentence upon conviction of the present charge (US Const, Am V).

2. Attorney and Client — Privileged Communications — Prior Convictions.

A court may not order a criminal defendant and the defendant's

attorney to disclose to the court and the prosecutor confidential communications concerning prior convictions; the disclosure of such information would violate the attorney-client privilege (MCL 767.5a[2]; MSA 28.945[1][2]).

3. Sentences — Prior Convictions — Presentence Reports.

A criminal defendant has, until sentencing, the right to challenge the constitutional validity of any prior conviction being considered to enhance the defendant's sentence and the right to challenge the correctness of information in the presentence report (MCL 771.14[5]; MSA 28.1114[5], MCR 6.425[D][2]).

4. Sentences — Prior Convictions — Constitutional Validity.

Once a criminal defendant has presented prima facie proof that a prior conviction is constitutionally invalid and should not be considered for purposes of sentence enhancement, the prosecution bears the burden of proving the constitutionality of the prior conviction.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

Bay County Office of Public Defender (by *Robert K. Hess* and *Kenneth M. Malkin*), for the defendants.

Before: White, P.J., and Neff and C. C. Schmucker,* JJ.

Per Curiam. In these consolidated cases, defendants appeal by leave granted from "interim investigation orders" issued by the circuit judge. We vacate those orders in part.

Defendants were charged with various felonies. They were represented by the Bay County Public Defender's Office. In each case, the judge issued an "Interim Investigation Order" requiring their attorneys to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(a) inquire of the defendant and the Prosecuting Attorney concerning the defendant's prior convictions; and

(b) as to each conviction,

(1) obtain from defendant an affidavit of facts sufficient to determine the validity of the conviction; or

(2) obtain from the defendant an affidavit that he understands that such conviction may be used in determining the sentence in the case and a statement voluntarily giving up the defendant's right to challenge the validity; or

(3) make a diligent effort to obtain from the court where the conviction occurred sufficient documentation (including transcripts) to enable this Court to determine if counsel for the defendant was present or effectively waived in the proceedings.

The orders directed that the attorneys compile the above information in written form, to be furnished, in the event their clients were convicted, by the attorneys to the probation department and the prosecuting attorney within a specified period. Intentional failure to comply with these directives would be considered a waiver of the right to raise as an issue the constitutional validity of a prior conviction for sentencing purposes.

The orders also required the attorneys to review the presentence report in detail with their clients as soon as it became available and to transmit requests for modification in writing, giving precise details and reasons, to the prosecutor, the probation department, and the judge within ten days of the report's availability. This portion of the orders also applied to the prosecutor. Nonconforming requests would be considered waived in the absence of a showing of good cause for failure to comply.

In a subsequent opinion in a related matter, the

judge explained that the interim investigation orders were intended to assure that defense attorneys were adequately prepared to represent their clients before entering into plea negotiations or otherwise advising them, and to avoid unnecessary delays in sentencing.

Defendant Johnson sought an emergency appeal of the order he received, with which the similar appeals sought by defendants Lauria and Lupo were consolidated. This Court granted leave to appeal on December 29, 1992, and, pending resolution, stayed enforcement of the *Johnson* order and similar orders in other cases

> to the extent that [the] order requires defense counsel to inquire into and collect and report information about any of defendant's prior convictions.

The stay did not apply to that portion of the interim investigation orders requiring prompt review of the presentence report, or the transmission of written requests for modification.

Defendants contend that the interim investigation orders infringe on their Fifth Amendment right to remain silent, their statutory attorney-client privilege, and their rights under MCL 771.14(5); MSA 28.1114(5) and MCR 6.425(D) to claim at the time of sentencing that prior convictions are constitutionally invalid. Defendants further contend that the orders impermissibly shift to them the prosecutor's burden of establishing the constitutional validity of challenged convictions.

I

In reviewing defendants' Fifth Amendment claim, we find no constitutional difficulty posed by

the orders' requirement that defense counsel inquire of their clients and the prosecuting attorney concerning prior convictions. To the extent, however, that defendants are obliged to set forth details by affidavit, and that their attorneys are thereafter required to divulge that information to the prosecuting attorney and the probation department, with failure to comply punishable by a deemed waiver of rights, the orders violate defendants' right against compelled self-incrimination.

Under the Fifth Amendment, a defendant has the right throughout criminal proceedings to refuse to provide incriminating information. *People v Manser,* 172 Mich App 485, 488; 432 NW2d 348 (1988); *People v Peques,* 104 Mich App 45, 46; 304 NW2d 482 (1980), aff'd 412 Mich 851; 312 NW2d 83 (1982). A judge may not employ the sentencing power to elicit information from a defendant, or to punish him for exercising his right to remain silent. *Peques, supra.* Prior convictions affect the applicable sentencing guidelines, and can be used by the prosecutor to secure habitual offender sentence enhancements, even after conviction, if the prosecutor was unaware of the prior conviction until then. MCL 769.13; MSA 28.1085; *People v Fountain,* 407 Mich 96, 98; 282 NW2d 168 (1979). Although prior convictions are contained in public records, compliance with the order could apprise the prosecutor and the probation department of convictions of which they were unaware, e.g., prior convictions from other jurisdictions.

II

To the extent the orders require defense counsel to disclose confidential communications, they also violate the attorney-client privilege. Under MCL 767.5a(2); MSA 28.945(1)(2), communications are

privileged and confidential when they are necessary to enable an attorney to serve as an attorney. The purpose of the privilege is to enable a client to confide in an attorney, secure in the knowledge that the communication will not be disclosed. *Grubbs v K mart Corp,* 161 Mich App 584, 589; 411 NW2d 477 (1987). The privilege is the client's alone and may be waived only by the client. *Id.* at 590.

The intent of the interim orders was to assure that information necessary to enable defense counsel to serve as attorneys was obtained. For that very reason, defendants' communications with their attorneys concerning prior convictions are privileged and confidential. Under the statute, attorneys are precluded from disclosing such communications, and such disclosure may not be compelled.

III

The interim investigation orders contained two automatic waiver provisions, one concerning intentional failure to comply with the requirements concerning information about a prior conviction, the other concerning nonconforming requests to modify presentence reports. Defendants argue that the provisions violate their right under MCL 771.14(5); MSA 28.1114(5) and MCR 6.425(D)(2) to challenge constitutionally invalid convictions and incorrect information in the presentence report. They also argue that the orders establish the functional equivalent of a local court rule, without approval as required by MCR 8.112(A).

MCL 771.14(5); MSA 28.1114(5) provides:

At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy

of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. . . .

MCR 6.425(D)(2) provides in part:

At sentencing the court, complying on the record, must:
(a) determine that the defendant, the defendant's lawyer, and the prosecutor have had an opportunity to read and discuss the presentence report,
(b) give each party an opportunity to explain, or challenge the accuracy or relevancy of, any information in the presentence report, and resolve any challenges in accordance with the procedure set forth in subrule (D)(3),
(c) give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence.

These provisions secure to defendants rights to challenge information set forth in presentence reports and to advise the court of any other circumstances they believe should be considered by the court in imposing sentence, which would include constitutionally invalid prior convictions. It is further provided that the rights so secured may be exercised at the time of sentencing.

We do not, however, view these provisions as extending an invitation to postpone until the very time of sentencing any consideration of the matters to be raised before the court. Nor do we construe them to preclude a court's establishment of a procedure requiring thoughtful, reasonable, and timely consideration of information subject to challenge at sentencing, with notice given to the

court beforehand so as to avoid uninformed, unreasoned challenges and unnecessary delay.

Nonetheless, because the automatic waiver provisions of the interim investigation orders grant the court discretion to bar the exercise of rights afforded by the applicable statute and court rule, which do not themselves provide for such discretion, the waiver provisions infringe upon the rights granted by MCL 771.14(5); MSA 28.1114 and MCR 6.425(D).

Having ruled that the waiver provisions effectively conflict with the applicable statute and court rule, we need not address whether the circuit judge was required to seek to have the order adopted as a local court rule and obtain Supreme Court approval. MCR 8.112(A)(2).

IV

Finally, we find merit in defendants' argument that the inquire-and-disclose portion of the orders requires defendants to duplicate the probation department's investigative efforts, as set forth in MCL 771.14(1); MSA 28.1114(1) and MCR 6.425(A), and shifts the burden of proof concerning the constitutional validity of prior convictions from the prosecutor to defendants. MCL 771.14(1); MSA 28.1114(1) provides:

> Before sentencing any person charged with a felony, . . . the probation officer shall inquire into the antecedents, character, and circumstances of the person, and shall report in writing to the court.

MCR 6.425(A) states:

> Prior to sentencing, the probation officer must investigate the defendant's background and char-

acter, verify material information, and report in writing the results of the investigation to the court. The report must be succinct and, depending on the circumstances, include:

  (1) A description of the defendant's prior criminal convictions and juvenile adjudications . . . .

Under the court rule it is the responsibility of the probation department, and not of defense counsel, to make inquiry concerning each conviction and to investigate, verify, and report that information to the court.

To effectively challenge the constitutional validity of a prior conviction, a defendant must present prima facie proof that the conviction was violative of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), and subsequent decisions. Upon such presentation, the burden becomes the prosecutor's to establish constitutional validity. *People v Moore,* 391 Mich 426, 440-441; 216 NW2d 770 (1974). To the extent the orders require counsel to obtain "sufficient documentation" "to enable the judge to determine" if counsel was waived, the orders improperly shift the burden of proof from the prosecutor to the defendant.

v

We vacate the portions of the interim investigative orders requiring the obtaining of affidavits and defense counsel's disclosure of confidential information, the portions requiring that counsel obtain from the trial court documentation concerning each prior conviction, and the portions containing the automatic waiver provisions.

Orders vacated in part.