PEOPLE v DURFEE

Docket No. 168466. Submitted May 3, 1995, at Lansing. Decided
March 5, 1996, at 9:15 A.M. Leave to appeal sought.

Pamala K. Durfee, while represented by court-appointed counsel,
pleaded guilty in the Bay Circuit Court of unauthorized use of
a telephone credit card. Before sentencing, the court, Eugene C.
Penzien, J., replaced the defendant's counsel with another
court-appointed attorney. In sentencing the defendant to im-
prisonment for thirty-two to forty-eight months, the court
considered other pending charges against the defendant. The
defendant appealed.

The Court of Appeals *held:*

1. A court may remove a defendant's attorney on the basis of
gross incompetence, physical incapacity, or contumacious con-
duct. A court's arbitrary removal of a defendant's appointed
counsel during a critical stage in the proceedings, over the
objection of the defendant, violates the defendant's Sixth
Amendment right to counsel, requiring a reversal even if
prejudice is not shown. In this case, the trial court's removal of
the first attorney, over the defendant's objection, was arbitrary
because removal was not for gross incompetence, physical
incapacity, or contumacious conduct. The matter must be re-
manded for resentencing by a different judge.

2. A sentencing judge may, as the trial court in this case did,
consider a pending charge in sentencing a defendant. On re-
mand, the defendant is to be resentenced with the use of an
updated presentence report.

Conviction affirmed; remanded for resentencing.

R. L. KACZMAREK, J., dissenting in part, stated that improper
removal of appointed counsel is harmless error if, as in this
case, prejudice is not shown.

CRIMINAL LAW — COURT-APPOINTED COUNSEL — REMOVAL.

A trial court may remove a defendant's appointed counsel for
gross incompetence, physical incapacity, or contumacious con-

REFERENCES

Am Jur 2d, Criminal Law §§ 976, 982.
See ALR Index under Attorney or Assistance of Attorney.

duct; arbitrary removal of counsel, over the objection of the defendant, violates the defendant's Sixth Amendment right to counsel, requiring a reversal of any subsequent order or judgment of the court even if prejudice is not shown (US Const, Am VI).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*William R. Cowdry,* for the defendant on appeal.

Before: MURPHY, P.J., and JANSEN and R. L. KACZMAREK,* JJ.

JANSEN, J. Defendant pleaded guilty of unauthorized use of a telephone credit card for telephone services of a value over $100, MCL 750.219a; MSA 28.416(1), and was sentenced to thirty-two to forty-eight months' imprisonment. We affirm her conviction, but remand for resentencing before a different judge.

I

This case arises from a series of unauthorized telephone calls made by defendant using the calling card of Karen Sharon. Karen befriended defendant after meeting her through a homeless program sponsored by Karen's church. On an unspecified date, defendant and Karen's daughter, Tammy, took a third party to a hospital. While at the hospital, Tammy made a telephone call using Karen's telephone calling card. Defendant later added the personal identification number from the calling card to Karen's telephone number and made a series of unauthorized telephone calls.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant admitted making telephone calls costing a total of $450.

Defendant was charged with unauthorized use of a telephone credit card and with being a fourth-offense habitual offender. On June 28, 1993, defendant pleaded guilty before acting Bay Circuit Judge John C. Leaming of unauthorized use of a telephone credit card. In exchange for the plea, the prosecutor dismissed the supplemental information charging defendant as an habitual offender.

After the guilty plea was taken, but before sentencing, Bay Circuit Judge Eugene C. Penzien sua sponte entered an order relieving defendant's attorney, public defender Robert K. Hess, of his representation of defendant. The July 9, 1993, order provides in pertinent part:

> Robert K. Hess is presently appointed by the court to represent the defendant in the above action. Mr. Hess has engaged in a course of unprofessional, insolent and contemptuous behavior involving making numerous unsubstantiated allegations of personal impropriety and lack of integrity on the part of the undersigned judge. Mr. Hess has engaged in these attacks by reducing them to writing and distributing them to other persons who have no legal interest in the matters. The Court is satisfied that continuing Mr. Hess as a court-appointed attorney in the above cause may cause the defendant to be concerned that [her] interests would be lost sight of and may lead to the appearance of injustice.[1]

Judge Penzien then appointed attorney Shawn M. Sutton to replace Hess.

---

[1] It is apparent, however, that Judge Penzien removed Hess from his representation of defendant because Hess was challenging Judge Penzien's "interim investigation orders." This Court held in another case that those orders were both constitutionally and statutorily impermissible. *People v Johnson,* 203 Mich App 579; 513 NW2d 824 (1994).

On July 28, 1993, defendant moved for the reappointment of her original attorney. Defendant requested the reappointment of Hess, but Judge Penzien told defendant why he had removed Hess as her appointed counsel. Judge Penzien indicated that he could not trust Hess because Hess had lied to others about a meeting in chambers between them, had misrepresented what had occurred at bench conferences, had stated publicly that Judge Penzien was a liar, and had accused the judge of misrepresenting facts for personal advantage. Judge Penzien also told defendant that he would not disqualify himself if Hess was present.

Defendant still requested that Hess be reappointed to represent her. Judge Penzien then reiterated that Hess had routinely called him a liar. Judge Penzien also stated that Hess frequently misrepresented the law to him and that he would have to treat everything Hess said as suspect and "check it all out." Judge Penzien then indicated that he would provide defendant with another attorney if she believed that Sutton was not adequately representing her. Judge Penzien indicated that, as an alternative, he could provide defendant with additional time to get comfortable with Sutton if she desired such extra time. Defendant then informed the judge that she was comfortable with Sutton and that she wanted to proceed with sentencing.

On September 13, 1993, Judge Penzien sentenced defendant to thirty-two to forty-eight months' imprisonment. Defendant now appeals as of right, contending that Judge Penzien abused his discretion in removing sua sponte Hess as her counsel and that the trial court improperly based her sentence on a subsequent pending charge.

II

Defendant's first issue implicates the right to

counsel secured by the Sixth Amendment. *Harling v United States,* 387 A2d 1101, 1105-1106 (DC App, 1978). The right to the assistance of counsel is guaranteed by both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20.

A court may remove a defendant's attorney on the basis of gross incompetence, physical incapacity, or contumacious conduct. *People v Arquette,* 202 Mich App 227, 231; 507 NW2d 824 (1993). In the present case, Judge Penzien did not remove Hess for gross incompetence, physical incapacity, or contumacious conduct. Rather, it appears from the order of July 9, 1993, that Hess was removed for conduct allegedly committed in other cases or outside the courtroom. As we concluded in *People v Johnson,* 215 Mich App 658; — NW2d — (1996), Judge Penzien had no authority to remove defendant's court-appointed counsel.

For the reasons set forth in our opinion in *Johnson,* the Sixth Amendment right to counsel is implicated in this case where the trial court improperly removed defendant's court-appointed counsel at a critical stage in the proceedings. A "harmless-error" analysis is not applicable where defendant's Sixth Amendment right to counsel was violated by the trial court. A "prejudice" standard simply does not apply.

Further, in the present case, defendant specifically objected to the removal of Hess by Judge Penzien. Judge Penzien first removed counsel where defendant did not request this action and where defendant specifically objected to it. After defendant objected, Judge Penzien called defendant's counsel a liar and stated that he could not trust Hess and that Hess frequently misrepre-

sented the law. Judge Penzien also made clear that he would not disqualify himself even if Hess remained as defendant's counsel. It is not difficult to understand why defendant later retracted her objection to the removal of Hess after Judge Penzien made these comments to her. Under these circumstances, we fail to see what other option defendant had. Thus, we reject the prosecutor's contention that defendant simply wanted to proceed with sentencing. The trial court's remarks to her were coercive and left her with no other option.

Accordingly, we follow those cases that have held that a trial court's arbitrary removal of a defendant's appointed trial counsel during a critical stage in the proceedings, over the objection of the defendant, violates the defendant's Sixth Amendment right to counsel. *Smith v Superior Court of Los Angeles Co,* 68 Cal 2d 547, 562; 68 Cal Rptr 1; 440 P2d 65 (1968); *Harling, supra,* p 1105; *Stearnes v Clinton,* 780 SW2d 216, 225 (Tex Crim App, 1989). Under such circumstances, a harmless-error analysis does not apply to the improper removal of trial counsel where the Sixth Amendment right to counsel is implicated. *Johnson, supra,* p 666; *Anaya v People,* 764 P2d 779 (Colo, 1988). That is, reversal is required even if no prejudice is shown. *Johnson, supra,* p 668; *Harling, supra,* p 1106.

Finally, as we noted in *Johnson,* the fact that substitute counsel may have performed adequately at sentencing is of no consequence. The trial court improperly removed court-appointed counsel over the objection of the attorney and defendant before sentencing. This issue relates to an arbitrary and improper infringement of the Sixth Amendment right to counsel. This is not a claim of ineffective assistance of counsel where a showing of prejudice

is required. Thus, reversal is required where the trial court improperly interfered with defendant's Sixth Amendment right to counsel. *Harling, supra,* p 1106; *Bland v California Dep't of Corrections,* 20 F3d 1469, 1478-1479 (CA 9, 1994).

Finding that the trial judge improperly removed court-appointed counsel and that such an action is not subject to analysis for harmless error or prejudice, we remand for resentencing before a different judge. *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986). Because defendant pleaded guilty, and counsel was not removed until after the guilty plea was taken, defendant's guilty plea need not be set aside. If Judge Penzien was biased against Hess because of past dealings with him, then he should have disqualified himself from sentencing defendant. MCR 2.003(B)(1).

### III

Defendant also claims that the sentencing judge could not consider pending charges in another county where those charges had not been fully adjudicated at the time of sentencing in this matter. However, a sentencing judge may consider a pending charge in sentencing a defendant. *People v Ewing (After Remand),* 435 Mich 443; 458 NW2d 880 (1990). Further, on remand, the trial court must resentence defendant with the use of an updated presentence report. *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980).

We affirm defendant's conviction, but remand for resentencing before a different judge. If defendant requests that attorney Robert Hess represent her at resentencing, then the trial court shall appoint Hess to represent her. No further jurisdiction is retained in this matter.

MURPHY, P.J., concurred.

R. L. KACZMAREK, J. *(concurring in part and dissenting in part)*. The majority finds that the circuit court did not have a justifiable basis to order the removal of defense counsel. On this point, I agree and join in that portion of the Court's opinion. However, my colleagues find that the removal of appointed counsel is a structural error that infects the entire trial and that therefore requires automatic reversal. I respectfully dissent from that finding.

In *People v Anderson (After Remand),* 446 Mich 392; 521 NW2d 538 (1994), the Supreme Court enumerated several errors that rise to the level of a structural defect in the constitution of the trial mechanism. *Id.,* 405. These errors were

> the total deprivation of the right to trial counsel, an impartial judge, excluding grand jury members who are the same race as defendant, denial of the right to self-representation, denial of the right to a public trial, and a constitutionally improper reasonable doubt instruction. [*Id.*]

Clearly, the Supreme Court contemplated rights under the United States Constitution fundamental to a fair trial. The Sixth Amendment provides that the accused in all criminal prosecutions shall "have the Assistance of Counsel for his defence." US Const, Am VI. While the case under consideration does implicate the Sixth Amendment, the deprivation that Ms. Durfee argues she suffered is not an error of the magnitude contemplated in *Anderson;* although indigent defendants do have a right to counsel under the Sixth Amendment, they do not have a right to appointed counsel of their own choosing. *People v Ginther,* 390 Mich 436, 441; 212 NW2d 922 (1973); *Caplin & Drysdale v United States,* 491 US 617, 624; 109 S Ct 2646; 105 L Ed 2d 528 (1989). Where criminal defendants are

not denied their Sixth Amendment right, the error resulting from the improper removal of counsel cannot amount to a structural defect in the constitution of the trial mechanism. The proper inquiry therefore is whether the error was harmless beyond a reasonable doubt. *Anderson, supra,* 405-406.

It is well settled in Michigan that "statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication." *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597-598; 374 NW2d 905 (1985). In *People v Abernathy,* 153 Mich App 567, 569-570; 396 NW2d 436 (1985), this Court found that the conduct of the defendant's counsel was grossly incompetent or, at the least, contumacious. The Court also noted that the defendant made no showing of prejudice. *Id.,* 572. Because the Court relied on the defendant's failure to show prejudice to justify the removal of trial counsel, I would argue that the discussion of prejudice and application of that doctrine is not obiter dictum. Indeed, if the defendant made a positive showing of prejudice in *Abernathy,* then the Court would have faced a more complicated issue that would have required a different analysis.

Requiring a showing of prejudice would bring improper removal of counsel claims in line with ineffective assistance of counsel claims brought under *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Under *Strickland,* a convicted defendant must show that counsel's performance at trial was deficient and that the defendant suffered prejudice as a result. *Id.,* 687. Following the rubric of *Strickland,* a convicted defendant challenging the removal of trial counsel should show that counsel was not grossly incompetent, physically incapacitated, or guilty of contu-

macious conduct. After showing that trial counsel was improperly removed, a convicted defendant should then show that the defendant suffered some form of prejudice as a result of the removal. The prejudice need not be substantial; *Anderson* requires that error be harmless beyond a reasonable doubt for the harmless-error doctrine to apply. *Anderson, supra,* 406.

The appellant here has not asserted prejudice. The record reflects that she was represented by counsel at all critical points of the criminal trial process, either by Mr. Hess or by Mr. Sutton. The trial judge adjourned the sentencing for three weeks after Mr. Hess' removal to allow adequate time for Mr. Sutton to prepare. Consequently, appellant does not challenge Mr. Sutton's efficacy. More importantly, appellant does not argue that the removal of prior counsel affected the sentence itself. Ultimately, prejudicial error requiring reversal must exhibit itself somewhere; in this case the logical point is sentencing. However, appellant challenges the sentence only on procedural grounds, arguing that the trial judge impermissibly considered a charge pending in another county. Appellant does not, and cannot, claim that the alleged error was a result of the removal. I would conclude that the appellant has not demonstrated any prejudice.

The circuit court committed error in improperly removing appellant's trial counsel. However, I would affirm the sentence because the appellant has not asserted any prejudice, and I would therefore conclude that the error was harmless beyond a reasonable doubt. I join in part III of the majority opinion.