STATE of Indiana ex rel. JONES,
Brian E., Relator,

v.

KNOX SUPERIOR COURT NO. 1 and
the Honorable W. Timothy Crowley
as Judge Thereof, Respondents.

No. 42S00–0004–OR–258.

Supreme Court of Indiana.

May 10, 2000.

## ORDER

In July, 1999, the State charged Brian Jones with murder and rape. On March 16, 2000—one week before March 23, which the trial court had designated as the final trial date—Jones's attorneys, Dirk Carnahan and Shawna Dillon, moved to exclude the State's DNA evidence on grounds that the State had been late in providing it in discovery; in the alternative, the attorneys moved for a continuance. On March 21, the trial court denied the defense attorneys' request for continuance. However, the court ruled that no DNA evidence disclosed by the State after March 20 would be admissible and that the State would not be allowed to present DNA evidence before April 3, in order to allow the defense expert time to evaluate it. R. at 35–36.

On March 22, the attorneys filed a motion to reconsider or, in the alternative, to withdraw as counsel. The motion began as a mock letter to Jones which concluded, "If you are convicted, it will be without the benefit of effective representation, due process, or other protections of the U.S. and Indiana Constitutions. Have a nice day." The attorneys' motion explained that the mock letter was, in effect, what the court's order of March 21 said to Jones. R. at 37.

The motion then criticized the trial court's order in more detail. Among the motion's allegations are that the court's order sets forth irrelevant background in-

formation; neglects certain information and "conveniently neglects" other evidence; is in part "misleading;" "plays games with semantics;" "conveniently omits a crucial fact;" "tramples on" Jones's rights; and "arbitrarily" extends the discovery deadline. The motion concludes, "If the Court fails to provide the relief sought, counsel for the Defendant each request leave to withdraw their respective appearances as counsel in this cause." R. at 43.

The trial court reconsidered its earlier ruling and granted a continuance. While it denied the defense attorneys' request to withdraw, it sua sponte removed them from the case because of the "insulting and absolutely improper" remarks about the court in their motion to reconsider. R. at 80. The court appointed two new attorneys to represent Jones and ordered that the removed attorneys turn over their case file to new counsel by April 13. The trial court also referred the motion to reconsider to the Disciplinary Commission.

Jones seeks a Writ of Prohibition and Mandamus from this Court to reinstate Carnahan and Dillon as his attorneys. He argues that the trial court was without authority to remove his attorneys in such circumstances. If the language of the motion to reconsider was improper and inappropriate, Jones contends, the remedies available to the trial court "included contempt and referral to the Indiana Supreme Court Disciplinary Commission" but not removal of counsel.

▮ The Court has met in conference and reviewed and discussed the positions of Jones, the trial court judge, and State (represented by the Attorney General). This Court is generally of the view that a trial court is limited in its authority to remove a criminal defendant's court-appointed counsel. However, the Court finds it unnecessary to explicate the parameters of that authority here. This is because Carnahan and Dillon here affirmatively requested that they be allowed to withdraw as Jones's counsel if the relief they sought was not provided. R. at 43. We recognize that the trial court did not grant their request but instead removed them sua sponte. But having indicated their desire to withdraw from the proceedings if not conducted in the way they favored, we will not countermand the trial court's ruling that placed Carnahan and Dillon in precisely the position their motion indicated their willingness to be. We view our ruling as being but a slight variation of the long-standing principle that where a party voluntarily adopts a certain form of procedure or agrees to the manner in which its rights are submitted for determination in the trial court, the party will not be permitted to complain on appeal that a ruling in conformity therewith was erroneous. *State ex rel. Randall v. Long,* 237 Ind. 389, 146 N.E.2d 243, 245 (Ind.1957); *McKay v. Carstens,* 231 Ind. 252, 108 N.E.2d 249, 250 (Ind.1952); *Pokraka v. Lummus Co.,* 230 Ind. 523, 104 N.E.2d 669 (1952); *State ex rel. Cline v. Schricker,* 228 Ind. 41, 88 N.E.2d 746, 228 Ind. 41, 89 N.E.2d 547 (1950); *State ex rel. Reiman v. Kimmell,* 212 Ind. 639, 10 N.E.2d 911 (1937). We also note that in our review of the cases Jones cites to us in support of the proposition that a judge's authority to remove court-appointed criminal defense counsel is limited, we have found none where the removed counsel had previously indicated a desire to withdraw if the proceedings were not conducted in the way counsel favored. *See McKinnon v. State,* 526 P.2d 18 (Alaska 1974); *Smith v. Superior Court of Los Angeles County,* 68 Cal.2d 547, 68 Cal.Rptr. 1, 440 P.2d 65 (1968); *Harling v. United States,* 387 A.2d 1101 (D.C.1978); *English v. State,* 8 Md.App. 330, 259 A.2d 822 (Md.1969); *People v. Johnson,* 215 Mich.App. 658, 547 N.W.2d 65 (1996), *appeal granted in part,* 453 Mich. 901, 554 N.W.2d 321 (1996), *appeal dismissed,* 560 N.W.2d 638 (Mich.1997); *People v.. Durfee,* 215 Mich.App. 677, 547 N.W.2d 344 (1996); *In Re Welfare of M.R.S.,* 400 N.W.2d 147 (Minn.App.1987).

Jones's Petition for Writ of Prohibition and Mandamus is denied.

All Justices concur.