# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EARL JOSEPH RAFFLER,

Defendant-Appellant.

UNPUBLISHED
March 22, 2018

No. 336509
Macomb Circuit Court
LC No. 2012-000756-FC

---

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of two counts of first-degree criminal sexual conduct (CSC-I) (sexual penetration of a child under 13), MCL 750.520b(1)(a). The trial court originally sentenced defendant to 135 to 240 months' imprisonment. Defendant appealed his convictions and sentences as of right and this Court affirmed defendant's convictions but remanded for resentencing due to an error in the scoring of Offense Variable (OV) 11 and potential error in the scoring of OV 13.[1] Defendant was resentenced on remand, under the corrected guidelines range, to 135 to 240 months' imprisonment with the addition of lifetime electronic monitoring upon defendant's release from prison. After filing a motion for resentencing with the trial court because an updated Presentence Investigation Report (PSIR) had not been prepared before his resentencing, defendant was resentenced again to 135 to 240 months' imprisonment and lifetime electronic monitoring upon his release from prison. Defendant now appeals as of right. We affirm, but remand to the trial court for the ministerial task of correcting the judgment of sentence.

## I. REASONABLENESS OF SENTENCES

Defendant first argues that he is entitled to resentencing because his sentence constitutes an unreasonable upward departure. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts

---

[1] *People v Raffler*, unpublished per curiam opinion of the Court of Appeals, issued June 24, 2014 (Docket No. 313683).

-1-

reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality[.]" *Id*.

A sentencing departure occurs when a court imposes a sentence that exceeds "both the applicable guidelines minimum sentence range and the . . . mandatory minimum." *People v Wilcox*, 486 Mich 60, 73; 781 NW2d 784 (2010). Sentencing courts are no longer required to articulate substantial and compelling reasons to depart from the sentencing guidelines. Instead, the sentence imposed is reviewed for reasonableness. *Lockridge*, 498 Mich at 391-392. A sentence is considered reasonable if it fulfills the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471. The principle of proportionality is "one in which a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing." *Id*. at 472, quoting *Milbourn*, 435 Mich at 651 (quotation marks omitted).

When making this determination, a sentencing court must " 'justify the sentence imposed in order to facilitate appellate review,' " *Steanhouse*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392, by explaining "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been," *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). The sentencing guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Milbourn*, 435 Mich at 657-658. As such, the sentencing "guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts 'must consult' and 'take . . . into account when sentencing.' " *Steanhouse*, 500 Mich at 474-475, quoting *Lockridge*, 498 Mich at 391.

Other relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range include: (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, (3) factors considered by the guidelines but given inadequate weight, (4) any misconduct by the defendant while in custody, (5) the defendant's expressions of remorse, and (6) the defendant's potential for rehabilitation. *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), rev'd in part on other grounds by *Steanhouse*, 500 Mich 453; *People v Houston*, 448 Mich 312, 321-325; 532 NW2d 508 (1995).

Further, "[t]he *extent* of the departure must also satisfy the principle of proportionality." *People v Masroor*, 313 Mich App 358, 374; 880 NW2d 812 (2015), aff'd in part, rev'd in part on other grounds by *Steanhouse*, 500 Mich 453. The purpose of proportionality in sentencing is to "protect[] against unjustified sentence disparity between similarly situated offenders," thus, even when a departure is appropriate, the extent of the departure may violate the principle of proportionality. *Milbourn*, 435 Mich at 636, 660. One way a sentencing court may explain the proportionality of its departure is by comparing the facts of the defendant's case against the sentencing grid to explain why its sentence is more proportionate. *Smith*, 482 Mich at 306. "A

sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Milbourn*, 435 Mich at 657-658.

Here, the trial court specifically acknowledged the newly calculated guidelines range was 51 to 85 months, thereby considering the "legislatively authorized punishment" for defendant's crimes at the time they were committed. *Id.* at 309. Thereafter, the trial court noted the seriousness of the offenses and the presence of a factor that was not adequately addressed by the sentencing guidelines. Specifically, the trial court indicated that in determining the appropriate sentence it relied, in part, on the prosecutor's arguments from defendant's previous resentencing where the prosecutor emphasized that defendant had committed several prior uncharged acts of sexual assault against the victim, but that those instances could not be scored in OV 13 as they fell outside the applicable five-year range.[2] In relying on the prosecutor's argument, the trial court implied that it did not believe the guidelines adequately considered the length of time over which defendant abused the victim, which is a proper justification for a departure sentence. See *Milbourn*, 435 Mich at 657 (stating that factors inadequately considered by the guidelines are an appropriate reason to depart from the sentencing guidelines).

The trial court also justified the extent of the departure sentence and its proportionality. The trial court noted that the prosecutor had been unable to conclusively determine that defendant committed the instant offenses after August 2006, so defendant was not subject to a 25-year mandatory minimum sentence. See MCL 750.520b(2)(b), as amended by 2006 PA 169, effective August 28, 2006. However, the trial court discussed the rationale behind the amended penalty and considered it as a yardstick for determining a proportionate sentence for defendant. In effect, the trial court used the amended penalty as a measure of the appropriate sentence for the crimes defendant committed where the current guidelines did not adequately consider the length of time over which the abuse occurred. By comparing the defendant's case to a case where a 25-year mandatory minimum sentence was warranted, the trial court articulated a clear connection between its reasons for departure, the extent of the departure, and why the departure sentence was more proportionate to defendant's case than a sentence within the guidelines range would have been. Accordingly, the trial court did not abuse its discretion by departing from the sentencing guidelines range and imposing a departure sentence of 135 to 240 months' imprisonment.

## II. LIFETIME ELECTRONIC MONITORING AND COSTS

Defendant also argues that the imposition of lifetime electronic monitoring and costs and fees should be stricken from defendant's sentence, as the imposition of electronic monitoring violates the ex post facto clause, and the cost and fees were the result of a clerical error.

---

[2] See MCL 777.43(1)(a) (considering a "continuing pattern of criminal behavior," MCL 777.43(1), and 50 points should be scored if there is "a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age"); MCL 777.43(2)(a) (but only "crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction").

The requirement of lifetime electronic monitoring for persons convicted under MCL 750.520b became effective on August 28, 2006. See MCL 750.520b(2)(b), as amended by 2006 PA 169, effective August 28, 2006. Our Supreme Court has held that lifetime electronic monitoring constitutes an "additional punishment" that is part of a defendant's sentence. *People v Cole*, 491 Mich 325, 336; 817 NW2d 497 (2012). Ex post facto laws include any law that "(1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; (3) increases the punishment for a crime; or (4) allows the prosecution to convict on less evidence." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014).

Here, the record reflects that defendant sexually assaulted the victim sometime between May 2006 and May 2007, and the prosecution concedes that it could not be conclusively established that the incidents occurred prior to the effective date of MCL 750.750n. Defendant argues, and the prosecution concedes, that when the trial court sentenced defendant to lifetime electronic monitoring, it violated the ex post facto clause because it amounted to greater punishment than the law allowed at the time defendant committed the offenses. Thus, the electronic monitoring requirement of defendant's sentence violates the ex post facto clauses of the United States and Michigan constitutions and must be vacated.

Both times that defendant was resentenced, the trial court acknowledged that defendant had paid—aside from $340.75 in late fees—the costs and fees imposed by his original sentence, and that it did not intend to duplicate the costs and fees at resentencing, and agreed to waive the late fees. However, the most recent judgement of sentence orders defendant to pay $130.00 in crime victims fees, $500.00 in court costs, $4,245.45 in additional defense costs, and $584.60 in late fees. On appeal, the prosecutor concedes that defendant already paid the costs and fees at issue and the record indicates that the inconsistency regarding the costs and fees in defendant's judgment of sentence resulted from a clerical error.

Where a defendant has identified clerical errors in a judgment of sentence, and the prosecution has acknowledged the errors, a remand with instructions to correct the errors is in order. See, e.g., *People v Katt*, 248 Mich App 282, 312; 639 NW2d 815 (2001), aff'd 468 Mich 272 (2003). An updated judgment of sentence must then be transmitted to the Department of Corrections. See *People v Norman*, 148 Mich App 273, 276; 384 NW2d 147 (1986).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, in a supplemental brief filed *in propria persona* pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4,[3] defendant argues that he was denied the effective

---

[3] In Defendant's Standard 4 Brief on Appeal, defendant argues that the minor victim was not interviewed by the police with a parent present and that the minor's interview with the police was not video recorded in violation of MCL 722.621, which created a miscarriage of justice at his trial. However, defendant previously appealed his convictions and sentence and this Court affirmed his convictions, but remanded "to the trial court for resentencing." *People v Raffler*, unpublished per curiam opinion of the Court of Appeals, issued June 24, 2014 (Docket No. 313683), p 6. When a defendant appeals from a remand, as is the case here, "the second appeal

-4-

assistance of counsel when his attorney failed to provide him with the updated PSIR at least two days before his sentencing and that he was denied the right to be sentenced on accurate information when the trial court considered at sentencing other bad acts relating to his sexual assault of the victim when she was five years old.

To preserve an ineffective assistance of counsel argument, a defendant must make a motion for a new trial or an evidentiary hearing in the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[4] hearing in the trial court. Thus, while defendant asked the trial court for more time to review his PSIR, an ineffective assistance argument on that basis is unpreserved. Because defendant failed to challenge the information relied upon in determining his sentence at sentencing, in a motion for resentencing, or in a motion to remand, this issue is unpreserved. *People v Lloyd*, 284 Mich App 703, 706 n 1; 774 NW2d 347 (2009), citing *People v Kimble*, 470 Mich 305, 314 n 7; 684 NW2d 669 (2004). Unpreserved arguments of ineffective assistance of counsel can still be reviewed, but review is limited to errors apparent in the record below. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). Defendant's unpreserved argument relating to the information relied upon in determining his sentence is reviewed for plain error affecting substantial rights. *Kimble*, 470 Mich at 312.

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 US at 694.

Before a person convicted of a felony is sentenced, the probation officer must prepare a written presentence report for the court's use. MCL 771.14(1); MCR 6.425(A); *People v Johnson*, 203 Mich App 579, 587-588; 513 NW2d 824 (1994). MCR 6.425(B) states, in relevant part:

> The court must provide copies of the presentence report to the prosecutor, and the defendant's lawyer, or the defendant if not represented by a lawyer, at a reasonable time, but not less than two business days, before the day of sentencing.

---

is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975); see also *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Because this Court remanded the case solely for the purpose of resentencing, the only issues that are properly before this Court on this second appeal are those pertaining to resentencing. Accordingly, we decline to address this issue.

[4] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

The prosecutor and the defendant's lawyer, or the defendant if not represented by a lawyer, may retain a copy of the report or an amended report. If the presentence report is not made available to the prosecutor and the defendant's lawyer, or the defendant if not represented by a lawyer, at least two business days before the day of sentencing, the prosecutor and the defendant's lawyer, or the defendant if not represented by a lawyer, shall be entitled, on oral motion, to an adjournment of the day of sentencing to enable the moving party to review the presentence report and to prepare any necessary corrections, additions, or deletions to present to the court.

Here, defense counsel acknowledged reviewing the PSIR with defendant before his resentencing. While defense counsel did not specifically indicate that he had received the PSIR at least two days before the resentencing, nothing in the record suggests that the timeline in MCR 6.425(B) was not complied with. However, even if defense counsel did not receive the PSIR within the appropriate time period, failed to provide the PSIR to defendant, and failed to ask for more time to review the PSIR as permitted by the court rule, defendant has not demonstrated that he was prejudiced by that failure. At resentencing, defense counsel was able to effectively challenge the scoring of the OVs and had the trial court fix several errors in the PSIR. Accordingly, defendant has failed to demonstrate any prejudice arising from the alleged error.

Before defendant's trial, the trial court granted the prosecution's motion to use similar acts evidence asking the court to permit the victim to testify regarding incidents from when she was approximately five years old when defendant would put chocolate syrup on his penis and force her to perform oral sex on him. At trial, the victim testified in detail regarding those incidents. Defendant's PSIR also contains information regarding these prior acts, but indicated that in regards to the allegations regarding chocolate syrup, "defendant stated he and his wife were 'not very big on chocolate syrup.' " The prior acts were discussed at both of defendant's resentencing hearings, and the trial court indicated that it relied, at least in part, on the prior acts in determining defendant's sentence. On appeal, defendant asserts that the mention of chocolate or candy "were never part of the . . . charge or facts used in the [] case," so should not have been relied on by the judge at sentencing and resulted in his sentence being based on inaccurate information.

"[T]he use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process," *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990), and "a sentence is invalid if it is based on inaccurate information," *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). The information in a defendant's PSIR is not subject to evidentiary rules, MRE 1101(b)(3); *People v Fisher*, 442 Mich 560, 576-577; 503 NW2d 50 (1993), and need not have been admissible at trial, *People v Ericksen*, 288 Mich App 192, 206; 793 NW2d 120 (2010). In fact, " '[a]t the sentencing hearing, after the issue of guilt has been decided, full information regarding the defendant's character, background, and criminal record have generally been deemed admissible under concepts of individualizing punishment.' " *Fisher*, 442 Mich at 577, quoting *People v Lee*, 391 Mich 618, 634-635; 218 NW2d 655 (1974).

Here, the evidence regarding the prior sexual assaults committed by defendant against the victim was properly admitted at trial. See MCL 768.27a(1); *People v Watkins*, 491 Mich 450, 491; 818 NW2d 296 (2012). That same information was properly included in defendant's PSIR.

Defendant denied the allegations regarding the prior acts and his denial is contained in the PSIR. However, at resentencing defendant did not challenge the accuracy of the prior acts information contained in the PSIR. Thus, while it seems the court considered the past uncharged acts of sexual abuse in determining that the sentencing guidelines did not adequately address defendant's conduct, there is no evidence to suggest that defendant was sentenced on the basis of inaccurate or inappropriate information. Accordingly, defendant has failed to establish a plain error affecting his substantial rights.

We affirm defendant's sentence, but remand to the trial court for the ministerial task of correcting the judgment of sentence to strike the imposition of lifetime electronic monitoring and costs and fees. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood